CASE 97—PROCEEDINGS BY RULE BY JOHN E. JONES AGAINST J. P.
SIZEMORE TO DETERMINE WHO IS ENTITLED TO HOLD THE OFFICE
OF SHERIFF OF LEE COUNTY.—MARCH 8.

# Jones v. Sizemore.

### APPEAL FROM LEE CIRCUIT COURT.

FROM THE JUDGMENT JONES APPEALS.   AFFIRMED.

OFFICERS—VACANCY—ELECTION—TERM—APPOINTMENT.

Held:   1. Const., section 99, fixes the terms of county officers. Const.
section 236, and Kentucky Statutes, 1903, section 3759, pre-
scribe the time when county officers shall enter on their du-
ties.   Section 3755 provides that, if the official bond is not
given and the oath of office taken on or before the day the
term of office begins, the office shall be deemed vacant. HELD,
that these provisions apply only to offices which are to be
filled for the full term, and not to appointments to fill vacan-
cies.

2. Under Const., section 152, providing that vacancies in elective
offices are to be filled by appointment till the next annual elec-
tion that takes place more than three months after the va-
cancy occurs, one elected to fill a vacancy is entitled to enter
upon the duties of his office, in place of an appointee, imme-
diately after his election and qualification.

J. B. WHITE, HAZELRIGG, CHENAULT & HAZELRIGG, SUT-
TON & HURST, AND W. S. PRYOR, FOR APPELLANT.

The question in this case is whether a sheriff elected to fill
an unexpired term where an incumbent is in the office by ap-
pointment, may enter upon the duties of his office and displace
the incumbent before the first Monday in January succeeding
his election.

The Constitution creates the office of sheriff and provides the
time for beginning the duties after election, to-wit, on the
first Monday in January thereafter, although he holds until the
election and qualification of his successor. Const., section 99.

We submit that, no shadow of reason is stated and none exists

Jones v. Sizemore.

for appellee to have any greater right to displace appellant be-
tween the election and the regular time for any elected sheriff to
enter than if appellant had been appointed so as to fill the re-
mainder of the unexpired term.

Hence, appellee is driven to one or the other of these alterna-
tives:

1. That there is some public necessity or policy in filling an
unexpired term by·election for the person elected to have the
right if he chooses to enter before the fixed date for the regu-
lar duties of the office to begin and displace the incumbent, if
he choose to do so; or,

2. That there is positive law prescribing for such entry on a
fixed day and the termination of the incumbent's duties before
the regular period.

Counsel for appellant respectfully submit that neither of the
grounds have been or can possibly be shown by counsel for ap-
pellee and that section 152 of the Constitution, which only pro-
vides for the manner of filling vacancies, does not prescribe any
time for the person elected to fill a part thereof, to enter upon
the office on any fixed day except the first Monday in January,
or in the least support the latter alternative or any position
of counsel for appellee. *There is absolutely no day fixed for a
sheriff elected to enter upon his office except the first Monday
in January after his election.*

A. F. BYRD, O. H. POLLARD and R. L. GREENE, for appellee.

Section 99 of the Constitution, which is referred to and re-
lied upon by appellant in his brief herein, provides that the first
term of county officers immediately following the adoption of
the Constitution should be for three years, beginning on the
first Monday in January, 1895, and ending with the first Mon-
day in January, 1898, and the next term begins with Jan-
uary, 1898, and ends with January, 1902, and the next begins
with January, 1902, and ends with January, 1906, and so on.
There is not, as appellant seems to contend, any term of office
either beginning or ending on the first Monday in January,
1904. Except at the beginning and ending of the terms of the
respective office, the first Monday in January has no more sig-
nificance than the first Monday in February or August. The
provisions of the Constitution and the statute referred to in
appellant's brief only apply to one who is elected for a full
term of office and not to one who is elected to fill the remain-
der of the unexpired term. It would be impossible for the
appellee to enter upon the duties of his office at the beginning

of a term, for the reason that the term began on the first Monday in January, 1902, nearly two years before his election. The term of the office of sheriff is four years, no more and no less. The present term throughout the State began in January, 1902, and ends in January, 1906. It has but one beginning and one ending, though there may be a dozen incumbents. The appellant was only appointed to fill a vacancy and that vacancy ceased when appellee was elected and qualified. After the people had spoken in the matter and elected the appellee, there was no longer any need either in fact or in contemplation of law for the further services of the appellant.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

This is a proceeding by rule in the nature of *quo warranto* to determine whether appellant or appellee is entitled to perform the duties of the office of sheriff of Lee county for the period intervening between the November election, 1903, and the first Monday in January, 1904. At the November election, 1901, W. E. Jones was elected to the office of sheriff of Lee county, and entered upon the discharge of the duties thereof on the first Monday in January, 1902, and continued to act as sheriff until his death, which occurred in the month of September, 1902. On September 25th after his death the appellant, John E. Jones, was appointed to fill the vacancy caused thereby, and after his qualification entered upon the performance of the duties of the office. As the vacancy caused by the death of W. E. Jones occurred within three months of the next succeeding annual election at which either city, town, county, district, or State officers were to be elected, no election was or could be held to. fill the vacancy in the office of sheriff until the regular November election, 1903, at which election the appellee was duly elected sheriff of Lee county to fill the unexpired term for which W. E. Jones had been elected, and at once executed his official bond and took the oath of office as required by law. At the

December term, 1903, of the Lee circuit court, appellee ap-
peared in court to perform the duties in waiting upon the
court and executing its processes and orders. Appellant
thereupon presented himself in court, and also insisted upon
performing the duties of the office of sheriff at the same time,
and objected to the appellee doing so. But appellee's right
to the office was recognized by the court, whereupon appel-
lant procured a rule against appellee to show cause why he
should not give way to him until the first Monday in January
following, to which the latter filed a response in which the
facts of his election and qualification to the office in question
were duly set forth, and upon the hearing of the rule and
response the court rendered a judgment declaring appellee
entitled to the office in dispute, and from that judgment
this appeal was taken.

Section 152, Const., contains the following provision: "Ex-
cept as otherwise provided in this Constitution, vacancies
in all elective offices shall be filled by election or appoint-
ment as follows: If the unexpired term will end at the next
succeeding annual election at which either city, town, county,
district or State officers are to be elected, the office shall be
filled by appointment for the remainder of the term. If the
unexpired term will not end at the next succeeding annual
election at which either city, town, county, district or State
officers are to be elected, the office shall be filled by appoint-
ment until said election, and then such vacancy shall be
filled by election for the remainder of the term. If three
months do not intervene between the happening of
said vacancy and the next succeeding election at
which city, town, county, district or State officers
are to be elected, the office shall be filled by ap-
pointment until the second succeeding annual election at

which city, town, county, district or State officers are to be elected; and then if any part of the term remains unexpired, the office shall be filled by election until the regular time for the election of officers to fill said offices." It will be observed that in every instance the vacancies provided for by section 152 of the Constitution, *supra*, are to be filled by appointment "until the next succeeding annual election" which does not take place within three months next after the vacancy occurs. This regulation is in deference to the representative character of our government and the policy of our laws that the people are to choose those who are to serve them. The power to appoint exists under certain circumstances, but it is only delegated and may be exercised only when it is impracticable for the people to exercise their choice. Section 99 of the Constitution declares that the first term of county officers elected immediately following the adoption of the Constitution should be for three years beginning on the first Monday in January, 1895, but, as such officers were thereafter elected for terms of four years, the next term began with the first Monday in January, 1898, and ended with the first Monday in January, 1902, and the next beginning with the first Monday in January, 1902, will end on the corresponding day in January, 1906, and so on, the election in each instance taking place in November of the preceding year. So the only regular term as applied to county officers, sheriff included, is that of four years. Section 236, Const., provides that the General Assembly shall by law prescribe the time when the several officers authorized or directed by this Constitution to be elected or appointed shall enter upon the duties of their respective offices, except where the time is fixed by this Constitution." Section 3759, Ky. St., 1903, provides that "all officers other than those

mentioned in the preceding section (relating to commissioned officers) may enter upon the discharge of the duties of their offices respectively at the time prescribed by the Constitution or the statutes creating the office, upon taking the oath and executing the covenant required by law." Section 3755 of the statutes, *supra,* provides: "If the official bond is not given, and the oath of office taken, on or before the day on which the term of office to which the person has been elected begins, or in cases of persons appointed to office, within thirty days after such person has received notice of his appointment, the office shall be considered vacant, and he shall not be re-eligible thereto for two years." We are of opinion that the provisions of the Constitution and statutes, *supra,* all refer to offices which are to be filled for the full constitutional or statutory terms.

There seems to be nothing in either the Constitution or statutes of this State fixing the time at which one elected or appointed to fill a vacancy in office shall assume the duties of such office. It would, however, have been impossible for the appellee to have entered upon the duties of the office, the vacancy in which he was elected to fill, at the beginning of a term, for the term began on the first Monday in January, 1902, nearly two years before his election. Except as the beginning or ending of a full term of office, the first Monday in January has no more significance than the first Monday of any other month.

The term of the office of sheriff is four years, no more and no less. The present term throughout the State began with the first Monday in January, 1902. The term had but one beginning, and will have but one ending, though there may be a dozen incumbents during the one term. The appellant was not appointed to serve during the remainder of the

unexpired term of his predecessor, but only to fill the vacancy caused by the latter's death until an election could be held as provided by law to fill such vacancy for the remainder of the unexpired term, which election as thus provided could not take place until November of the year 1903. Therefore, upon the election and qualification of appellee, the vacancy ceased, and it became the duty of appellant to retire at once from the office in favor of appellee, who was entitled to begin the immediate performance of the duties thereof, without waiting until the first Monday in January following, as would have been the case if he had been elected for a full term of four years.

The fact that the statute requires one elected to the office of sheriff for a full term to give bond by, and begin the duties of his office on the first Monday in January, following his election, and that his failure to do so shall forfeit his right to the office, does not compel one elected to fill a vacancy in that office to defer his qualification, or the commencement of his duties until the first Monday in January, any more than does the statute providing that the failure of one appointed to such vacancy to qualify within 30 days after the date of his appointment shall forfeit his right to the office, require such appointee to defer his qualification for and the taking of his office, until the end of the 30 days. Whether elected or appointed to such vacancy, the one so elected or appointed has the right to qualify and enter upon the performance of the duties of the office at once.

Being of the opinion that the lower court properly decided that appellee was entitled to the possession of the office of sheriff of Lee county immediately upon his election and qualification, the judgment is affirmed.