## Jewett, et al. v. Matteson, et al.

(Decided June 11, 1912.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

School Board—Action to Oust Treasurer and Trustees.—Appellants seek to oust a recently elected treasurer of the school board and five trustees on the ground that the trustees were not legally qualified. Held, That the rights of the trustees cannot be attacked collaterally. The trustees had color of title and their acts are binding. (For the principles governing the law of this case, see Lewin v. Fort Mitchell, et al., this day decided.)

A. E. STRICKLETT for appellants.

JACKSON & WOODWARD for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellants, George W. Jewett and Ansel R. Elliott, instituted this suit against seven school trustees of Ludlow, Kentucky, a fourth class town, and H. B. Clark, who had been recently elected treasurer of the school board. Ansel Elliott had been treasurer of the board and was succeeded in that position by Clark, and Elliott now seeks to oust Clark from that position upon the ground, as stated in the petition, that five of the appellees had been elected at the November election in 1911 and failed to qualify on the first Monday in January thereafter, as required by statute, but did wrongfully and without right qualify on the day after the first Monday in January. Jewett wants to be advised by the court as to the

manner in which he and the other two qualified members shall proceed to fill the vacancies, charging that the five members elected in November and qualified on Tuesday after the first Monday in January, caused a vacancy in their positions. Elliott claims that he has a right to hold onto the office of treasurer until his successor is legally elected and qualified, and as Clark was elected by the vote of these five members who failed to qualify on the first Monday in January after their election, his election is void and he has no right to the office. The principles of law governing this case are stated in the case of Lewin v. Ft. Mitchell, &c., the opinion in which is this day delivered.

Elliott had no right to maintain this action to oust the trustees. Their rights to the positions could not be attacked collaterally. Conceding that appellees had no right to qualify on the day next succeeding the first Monday of January, they did actually qualify by taking the oath of office and proceeded to perform the duties of their offices. They at least had color of title and were de facto officers and their acts were binding on every one except themselves. We are, however, of the opinion that they were de jure officers. The facts of this case are somewhat stronger in favor of appellees than were the facts in the case of Lewin v. Ft. Mitchell, &c., in favor of Lewin. The first day of January, 1912, was a legal holiday and all offices were closed, and the members of the board knowing that this would be true, at a meeting of the board in December, 1911, passed a resolution stating that as the first Monday in January was a legal holiday, the board would not meet until Tuesday after the first Monday, which it did and the members who were elected in November, 1911, took the oath and proceeded to perform the duties thereof. It is true that section 3588 of the statues provides that:

"They (the members of the school board) shall meet and qualify on the first Monday in January after their election."

It is also true that section 2089a provides that the first day of January in each year shall be a legal holiday on which all public offices may be closed, and we think it would be unreasonable to hold that the Legislature intended that persons elected to school boards would vacate their offices if they failed to qualify on the first Monday in January when that day is a legal holi-

day, as was true in this case, and in accordance with which the board of trustees passed a resolution at its last meeting in 1911, closing its office on that day and naming the day following upon which to meet. The statute requiring the trustees elected to meet and take the oath on the first Monday in January after their election is not mandatory; and their taking of the oath, as in this case, on the day after is entirely legal and qualifies them to fill their offices. If the allegations of the pleadings in this case are true, the town of Ludlow has a full board of school trustees.

. For these reasons, the judgment of the lower court is affirmed.