## Robb's Guardian v. Orm's Executor, et al.

(Decided May 19, 1915.)

### Appeal from McCracken Circuit Court.

1. Wills—Support of Testator's Widow Charge On Entire Estate Devised—When Real Estate May Be Sold.—Where by his will a testator bequeathed to his widow a third of his personal estate absolutely and devised the residue of the estate, both real and personal, at her death to his adopted daughter, but providing that the support of the widow for life should be a charge thereon and empowered the executor to hold the estate in trust for the support of the widow and, if the income was not sufficient for her support, to sell so much of the estate, real or personal, as might be necessary for that purpose, the adopted daughter took a defeasible fee in remander to the estate devised her; and where, after the death of the adopted daughter, an action was brought by the testator's widow and executor against the infant son of the adopted daughter and his guardian, in which it was made to appear that there was no income from the estate and that the personal property belonging thereto, consisting of stock in a manufacturing corporation, was unsalable, and asking a sale of the real estate devised, for the support of the widow, she was properly adjudged entitled to the relief prayed.

2. Wills—Devise of Real Estate Jointly Owned With Another—Partition of After Death of Testator—Effect of.—Although the real estate devised by the testator was jointly owned by him and another and was after his death partitioned and his interest therein conveyed by deed to his adopted daughter, instead of to his executor in trust for the purposes indicated by the testator's will, these

facts did not relieve the real estate of the charge imposed upon it by the will for the support of the testator's widow. Moreover, the deed to the adopted daughter by its terms only invested her with the same character of title to the real estate as was devised her by the will.

CAMPBELL & CAMPBELL for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

John Orm died testate in McCracken County a number of years ago, survived by his wife, the appellee, Elizabeth Orm, and Ella A. McNett, an adopted daughter. The latter, after the death of the testator, became the wife of William Robb, and thereafter died, leaving one child, the appellant, William Orm Robb, who is yet an infant. At the time of his death John Orm was the owner of a valuable estate, consisting mainly of stock in the Langstaff-Orm Manufacturing Company, a trading corporation, having its place of business in the city of Paducah. Orm also owned jointly with George Langstaff, senior, and Sam Langstaff, some real estate in that city.

After the death of John Orm, the marriage of the adopted daughter, and the birth of the appellant, William Orm Robb, a suit was instituted in the McCracken Circuit Court by the parties in interest to divide the real estate held jointly by the devisees of John Orm, George Langstaff, and the devisee under the will of Sam Langstaff, deceased. Commissioners appointed by the court partitioned the real estate among the owners, and deeds to the respective owners were made accordingly; that portion allotted to the estate of John Orm being situated on Fourth street in Paducah, and the same property involved in this action.

The will of John Orm, after directing the payment of his debts and bequeathing all of the household furniture and certain personal property left by him to his wife, Elizabeth Orm, contains the following provisions:

"Subject to the trust hereinafter stated. I also give and bequeath to my said wife absolutely one-third of the balance of my personal estate with power to dispose of same by gift, deed or will, to take effect, however, only after her death.

"I also give and bequeath to my said wife the income from the balance of my estate, real, personal or mixed,

for and during her natural life, except so much thereof as may be necessary for the education and annual support and maintenance of my adopted daughter, Ella A. McNett, and the payment of the annual taxes, insurance and expenses incident to the care and management of the estate by my executors. The remainder in fee of the balance of my estate, real, personal or mixed, I give, bequeath and devise to my adopted daughter, Ella A. McNett, in fee simple, subject, however, to the trust hereinafter stated, to be held, used and enjoyed by her as her separate estate free from the use or control of any husband she may have.

"The entire estate herein bequeathed and devised to my wife and adopted daughter is to be held in trust by my executors during the natural life of my wife, Elizabeth Orm, for the use and benefit of my said wife and adopted daughter as herein set out, to be managed and controlled by my executors as they may think best.

"My executors shall determine each year what amount in their judgment will be sufficient for the education, suitable support and maintenance of my adopted daughter, Ella A. McNett, during the year, and shall quarterly of each year pay the same out of the income from my estate to the guardian of my daughter for her use and benefit, and in the event of her marriage before the death of my wife, my executors shall pay an amount not exceeding Two Hundred Dollars per annum to my said daughter which shall be held and used by her as her separate estate from the use and control of her husband. The balance of the income from my estate, after the payment of the annual taxes, insurance and expenses incident to its management shall be paid by my executors quarterly of each year to my wife.

"It is my desire that my executors and the Guardian of my adopted daughter shall preserve intact my stock in the Langstaff-Orm Manufacturing Company so long as it can be done without loss to the estate, hereby giving to my executors the power, by and with the written consent of my wife and the Guardian of my adopted daughter, to sell all or any part thereof. The proceeds of sale to be reinvested in good interest-bearing securities, stocks or bonds.

"My executors are also empowered, by and with the written consent of my wife and the Guardian of my said daughter, to lease all or any part of the real estate

whether owned by me individually, or jointly, or in common with others. Or to sell and convey by deed all or any part thereof, the proceeds of sale to be invested in good interest-bearing securities, stock, or bonds. Or to join in a lease of the property belonging to the Langstaff-Orm Manufacturing Company, or to Langstaff-Orm and Company.

"If the income from my estate should at any time prove insufficient for the comfortable support of my wife and adopted daughter, my executors are hereby empowered, by and with the written consent of my wife and the Guardian of my said daughter, to sell all or any part of the real or personal estate if in their judgment it is necessary for the support and maintenance of my said wife and daughter."

After the death of his mother, William Orm Robb remained in the custody of the appellee, Elizabeth Orm, and was cared for by her until about three years ago, when he was taken by his father to Florida, where he has since resided with the father.

The present action was instituted by the appellees, E. G. Boone, executor of the will of John Orm, deceased, and Elizabeth Orm, widow of the testator, against William Orm Robb and the Langstaff-Orm Manufacturing Company. The petition, after setting forth the provisions of the will of John Orm, deceased, the character and present value of the estate thereby devised, alleges that the stock in the Langstaff-Orm Manufacturing Company, of the face value of $40,000.00, which until recent years paid an annual dividend sufficient to comfortably maintain the widow of the testator and the son of his deceased adopted daughter, has become so unproductive that no income is obtained therefrom; that the only other personal property belonging to the estate consists of ten shares of stock, of the par value of $2,000.00, in the First National Bank of Paducah, which the executor has been compelled to pledge to the Citizens Savings Bank of Paducah, to secure a loan of $2,000.00 for the maintenance of the widow, Elizabeth Orm, and which sum has been so used; that the only income that is now derived from the estate arises from the renting of the real estate, amounting to $300.00 per annum, which is insufficient for the support of the widow, to say nothing of the support of the infant, William Orm Robb.

The petition also alleged the non-residence of the infant, William Orm Robb, and that he had no statutory guardian, committee or curator residing in this State. Because of the non-residence of the infant, James Campbell, Jr., was appointed guardian *ad litem* for the infant, and, following the entering of a warning order, was also appointed attorney for him as a non-resident. After the institution of the action, C. E. Jennings, of McCracken County, was, by an order of the c unty court of that county, appointed and duly qualified as the statutory guardian of the infant, William Orm Robb.

The prayer of the petition asked for a construction of the will of John Orm and a decree directing the sale of the $40,000.00 of stock in the Langstaff-Orm Manufacturing Company, for the support of the appellee, Elizabeth Orm. After the filing of a report by the guardian *ad litem* and attorney for the non-resident infant, and an answer by the statutory guardian of the infant, consenting for the latter to the sale of the stock in the Langstaff-Orm Manufacturing Company, the case was submitted and a judgment rendered by the court, directing the sale by the master commissioner of the stock in question. The stock was thereafter offered for sale by the master commissioner in accordance with the judgment of the court at public outcry, but no bidders appeared nor were there any bids made for the stock.

After this fact had been reported to the court by the master commissioner, the appellees filed an amended petition asking the sale of the lot belonging to the estate of John Orm, deceased, and setting forth the proceedings in the suit of partition previously mentioned, by which it was allotted to the estate of John Orm, deceased. Answer was filed by the statutory guardian of the infant appellant consenting to the sale of the real estate for the purpose of raising money to pay the debts that had been incurred by the appellee, Mrs. Orm, for her support, and to provide for her further maintenance. Thereafter the guardian of the infant appellant filed an amended answer, setting up the fact that he did not know, at the time of filing his answer to the amended petition, that the lot sought to be sold had in the partition suit above mentioned been conveyed to Ella A. Robb, mother of the infant, William Orm Robb, withdrew the consent given in the first answer to the amended petition, to the sale of the lot, and denied the right of

the appellees to obtain a sale of same for the support of Mrs. Orm, pleading in estoppel of such right the judgment and proceedings in the partition suit.

The granting clause of the deed conveying the real estate allotted to the estate of John Orm in the suit of partition is as follows:

"To Ella A. Robb, wife of W. H. Robb, formerly Ella A. McNett, the adopted daughter of John Orm, deceased, and one of his devisees under his last will and testament the following described property, subject to the life estate of Elizabeth Orm therein, and of the rights and powers of the executors of John Orm, deceased, under his last will and testatement; and of Elizabeth Orm, his widow and one of his devisees, and of I. M. Quigley, Testamentary Guardian of Ella A. Robb.''

Notwithstanding the objection interposed by the guardian's answer to the sale of the real estate, the circuit court rendered a judgment directing it to be sold as prayed in the appellees' amended petition. The property was thereafter sold and the sale reported by the master commissioner. The exceptions filed to the report by the guardian were overruled and the sale confirmed. The guardian excepted to the judgment and also to the order confirming the sale, hence this appeal.

It is insisted by the guardian of William Orm Robb that he is the owner in fee of the real estate directed to be sold, for which reason he could not, by the judgment of the circuit court directing its sale or by the sale made in pursuance thereof, be divested of such title; and that by reason of the conveyance of the property in question to his mother, Ella A. Robb, under the judgment in the suit of partition, the appellees are estopped to deny his title. Neither of these contentions can prevail. Under the will of John Orm, deceased, the adopted daughter, Ella A. Robb, took a defeasible fee in remainder to the estate devised, except the one-third of the personal estate bequeathed the wife of the testator, Elizabeth Orm, absolutely, by the first clause of the will. The will, however, gave the widow for life the entire income of the estate, except so much thereof as might be necessary for the education of the adopted daughter, her support during infancy and the payment of taxes, insurance and expenses incident to the care and management of the estate by the executors; further providing, with reference to the adopted daughter, that in the

event of her marriage before the death of the testator's wife, the executors should pay her an amount not exceeding $200.00 per annum for her separate use, and that the balance of the income from the estate, after the payment of the taxes, insurance and expenses incident to its management, should be paid by the executors quarterly during each year to the wife.

The will contains the further provision that all the estate devised should be held in trust by the executors during the life of the widow, Elizabeth Orm, and managed and controlled by them for the use and benefit of the wife and adopted daughter, as previously stated. By succeeding clauses of the will the executors are required to preserve intact the stock left by the testator in the Langstaff-Orm Manufacturing Company so long as it can be done without loss to the estate, but given the power, with the consent in writing of the widow and guardian of the adopted daughter, to sell all or any part of the stock and invest its proceeds in good interest-bearing securities, stock or bonds; and also power, with the written consent of the wife and guardian of the adopted daughter, to lease or sell and convey the real estate, or any part thereof, left by the testator and invest the proceeds in like manner. In addition, by the final provision of the will, the executors are empowered, with the written consent of the wife and guardian of the adopted daughter, in the event the income from the estate should at any time prove insufficient for the comfortable support of the wife and adopted daughter, to sell all or any part of the real or personal estate, if, in their judgment, necessary for the support and maintenance of the wife and daughter. The death of the adopted daughter relieved the estate devised of her support.

It is manifest from the language of the will as a whole that the support and maintenance of the testator's widow for life is made a charge upon the estate; such support and maintenance to be provided out of the income of the estate if sufficient, but, if the income be not sufficient, it must be provided by and from a sale of the property, real or personal, even to the consumption of the whole. The defeasible fee devised the adopted daughter, Ella A. Robb, in remainder, upon her death, descended under the statute to her infant son, William Orm Robb.

"A defeasible fee is where the devisee becomes invested with the fee simple title, subject to be divested upon the happening of some contingency provided by the will." Wills v. Wills, 85 Ky., 486.

The contingency provided for by the will in this case is the necessity that may arise for a sale by the executors of the estate devised, or a part thereof, in order to provide a support for the testator's widow, which support must be afforded her even though it required the sale of all the property, real and personal, belonging to the estate; and to the extent that such sales may become necessary for the purpose indicated, the son and heir-at-law of the adopted daughter will be defeated of his interest in and title to the estate devised.

It is admitted by counsel for appellant that the meaning of the will is as we have construed it, but insisted that the deed from the commissioner to Ella A. Robb, in the partition suit, conveying the real estate in question, divested the widow of the testator of whatever interest she had therein and relieved the property of the charge imposed upon it by the will for her support; for which reason the circuit court was without power to sell the property for her support as adjudged in this action. This contention ignores the fact that the deed to Ella A. Robb conveyed her the real estate "subject to the life estate of Elizabeth Orm therein (i. e., the charge imposed thereon by the will for her support), and of the rights and powers of the executors of John Orm, deceased, under his last will and testament. * * *"

Obviously, the deed from the commissioner did not vest in Ella A. Robb, or by her death pass to her heir-at-law, any greater title or interest in the real estate than she possessed under the will. It remained as before subject to sale for the support of the widow, and the necessity for its sale for that purpose, as determined by the surviving executor of the will, written consent of the widow and judgment of the court, is abundantly established by the record. It is further apparent from the record that the widow, Elizabeth Orm, is over eighty years of age and in great need, both for herself and grandson, William Orm Robb, and that the only property left by her husband now available for sale to supply these needs, is the real estate in question. As the assent of the guardian of William Orm Robb to the sale

of the property was not necessary, his withdrawal thereof, after giving it, did not affect the validity of the judgment or sale.

Judgment affirmed.