## Brown v. Rose.

(Decided March 25, 1930.)

550

T. B. McGREGOR, J. B. SNYDER and B. B. SNYDER for appellant.

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

A vacancy existed in the membership of the county board of education of Whitley county growing out of the adjudication that the election held in educational division No. 1 in 1927 was void. John Brown, the appellant, was appointed to fill the vacancy under the provisions of section 4399a-1c, Ky. Stats. He was not a candidate for re-election at the November election, 1929, but the appellee, Lee Rose, was a candidate, and was elected.

No question was raised as to the legality of the election held to fill the vacancy at the regular election in 1929. Whether appellant was entitled to hold on until his successor was qualified is not material to a determination of the question involved in this case. Appellee did not qualify as a member of the county board of edu-

cation until January 4, 1930. Prior to that date, and on December 12, 1929, the county board of education had declared a vacancy in the membership of the board from that district, as appellee had not qualified at that time. Appellant was appointed to fill the vacancy. After appellee qualified, he undertook to enter upon the discharge of the duties of the office, whereupon appellant instituted this action to enjoin him from interfering with the appellant in the discharge of the duties of the office.

The chancellor sustained a demurrer to the petition, and appellant declined to plead further, and his petition was dismissed. That is the judgment appealed from, and for that reason the answer and affidavits in the record cannot be considered for any purpose. The record does not disclose whether the answer was filed before the judgment sustaining the demurrer or thereafter. At all events, the chancellor determined the questions involved on the demurrer to the petition, and the only question before us is whether the petition stated a good cause of action.

In arriving at a conclusion on that question, it is necessary for the court to determine when a person elected to office to fill a vacancy shall qualify. Certainly he cannot qualify before he receives the certificate of his election. It seems to be the general rule that one elected to an office to fill a vacancy must qualify within a reasonable time after he has received the certificate of election. In the case of Jones v. Sizemore, 117 Ky. 810, 79 S. W. 229, 25 Ky. Law Rep. 1957, this court found nothing in either the Constitution or statutes of this state fixing the time when one elected or appointed to fill a vacancy in office must assume the duties of such office. The rule seems to have been adhered to in the case of Taylor v. Johnson, 148 Ky. 649, 147 S. W. 375; Jewett v. Matteson, 148 Ky. 820, 147 S. W. 924; City of Williamsburg v. Weesner, 164 Ky. 769, 176 S. W. 224.

In Kirkpatrick v. Lebus, 184 Ky. 139, 211 S. W. 472, this court announced that it is fundamental that what is a reasonable time is to be determined by the facts and circumstances of each case, and that, where the facts are undisputed, it is a question of law for the court. Caldwell's Judicial Dictionary, vol. 3, sec. 2583, lays down the rule that what is reasonable in one case may be unreasonable in another case, and that what is reasonable in any case must be ascertained by application of

reason to the facts which characterize the particular case.

Looking to the petition, we find that appellee received his certificate of election on November 9, 1929. He did not qualify until January 4, 1930. His right to qualify depended upon whether he had offered to do so within a reasonable time. Section 3755, Ky. Stats., requires that one who is appointed to office must qualify within thirty days after such person has received notice of his appointment, and if he does not do so, the office shall be considered vacant. It has been held that the section applies only to offices to be filled for a full term and not the filling of vacancies. Jones v. Sizemore, supra. In cases where the provisions of section 3755 apply, the office to which a person was elected, if he does not qualify within the time prescribed, becomes vacant by operation of law. C., N. O. & T. P. Ry. Co. v. Cundiff, 166 Ky. 594, 179 S. W. 615, Ann. Cas. 1916C, 513; Chatham v. Davenport, 187 Ky. 801, 220 S. W. 1062. In the case of Wheeler v. Collins, 222 Ky. 801, 2 S. W. (2d) 646, it was held that the provisions of section 3755 apply to officers appointed to fill a vacancy, and that such an officer must qualify within thirty days after his appointment. The opinion, however, is in conflict with the opinion in the case of Jones v. Sizemore, but, in view of the conclusions which we have reached, it is unnecessary for the court to determine which of these opinions correctly states the law.

Under the provisions of section 236 of the Constitution, it is made the duty of the General Assembly to prescribe a time when the several officers authorized or directed by the Constitution to be elected or appointed shall enter upon the duties of their respective offices in cases where the time is not fixed by the Constitution. But membership on the board of education is not a constitutional office, and the directions to the general assembly found in that section of the Constitution have no application to that particular officer.

The rule in cases such as this is, under the doctrine announced in the case of Jones v. Sizemore, that the officer elected to fill a vacancy must qualify within a reasonable time. As the facts are alleged in the petition and undenied, the question is one of law to be determined by the court. What is a reasonable time may vary with the circumstances, but a period of time from November the 9th to January the 4th following is not a reasonable time under the facts alleged in the petition. Thirty days

was considered a reasonable time by the General Assembly when dealing with officers appointed for a full term. Under ordinary circumstances, when there are no intervening causes, it is thought that thirty days is a reasonable time within which a member of the school board elected or appointed to fill a vacancy shall qualify. But we will make no hard and fast rule about the matter. In this case sixty days or thereabouts was an unreasonable time, and appellee lost his right to qualify if the allegations of the petition are true. It is argued, however, that the vacancy was filled by the board of education on the 12th day of December. That is beside the question. There is no attack upon the appointment of appellant other than on the ground that appellee was entitled to qualify on January the 4th. If it should be treated as material, we still hold that thirty-three days after he received his certificate of election was an unreasonable time for appellee to wait about qualifying, and that the board of education was within its rights in declaring a vacancy and appointing appellant.

It is suggested in brief for appellee that he was entitled to notice before the office to which he was elected should be declared vacant. The cases relied on by appellee are those relating to the abandonment of an office, or removal from an office, after qualification. He had his certificate, and that was sufficient notice to him that it was his duty to qualify. Counsel for appellee cite the case of Herman v. Lampe, 175 Ky. 120, 194 S. W. 122, 127, and it is suggested by them that he should have had notice and there should have been a judicial determination that a vacancy had occurred. Section 1521, Ky. Stats., enumerates the causes of vacancies in office, and one of them is a failure to qualify after election or appointment. In the case just cited, this court said: "A vacancy in office for any of the causes enumerated . . . occurs usually at the time of the happening of the event, whose occurrence, by the statute, is the cause of the vacancy, and no judicial determination, that a vacancy has occurred is necessary."

The court cited Long v. Bowen, 94 Ky. 540, 23 S. W. 343, 15 Ky. Law Rep. 276, to support its conclusion. But the court pointed out that there is an exception to the rule announced in cases where the vacancy is claimed to arise from misconduct of the incumbent of the office which works a forfeiture of it, and cited Page v. Hardin, 8 B. Mon. 648, and Todd v. Dunlap, 99 Ky. 460, 36 S. W.

541, 18 Ky. Law Rep. 329. The exception is where the person elected or appointed has qualified and there is an effort to have a vacancy declared. Appellee does not come under the exception. The vacancy occurred when a reasonable time had expired for him to qualify, and no judicial determination of the question was necessary.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.