## Oakes v. Remines.

(Decided May 27, 1938.)

HANNAH, VAN SANT & McKENZIE and T. E. NICKEL for appellant.

WOODS, STEWART & NICKELL and J. R. SOWARDS for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This appeal involves the one question, as to which of the two litigants here before us is entitled to hold the office of member of the Greenup County Board of Education for the term of office beginning January 3, 1938, and expiring in January, 1941.

The appellant bases his claim to the office upon the ground conceded, that he was duly elected at the general November, 1937, election to a position of membership on the County Board of Education, pursuant to which he, on November 26, 1937, had received a certificate of election and that thereafter, on January 3, 1938, he qualified, as such member elect, by taking the constitutional and statutory oaths required and filed same on that day in the office of the secretary of the Board of Education as required.

On the other hand, appellee claims right to hold the office under an appointment by the Board of Education at its second regular meeting, held on February 5, 1938, to fill the vacancy it declared to exist by reason of appellant's having failed to qualify, in the way legally required, as a member elect of the board at the beginning of his term on January 3, 1938, or within a reasonable time thereafter, or on or before February 5, 1938, the date of its second meeting.

It was and is the contention of appellant that he legally qualified as a member of the board by taking the oaths of office required and filing same with the secretary of the board at its first 1938 regular meeting, held on January 3, and that by so doing, he complied with all the directions and provisions of the statute; that he thereby legally qualified and was properly inducted into office, with the right and entitled by reason thereof to serve as a member of the Greenup County Board of Education for the term for which he had been elected.

On the other hand, appellee contends that appellant had not legally qualified. He alleged that the County Board of Education, on December 30, 1937, by an amendment to its then rules and regulations, imposed

an additional requirement upon the board's members elect, which was that they, when attempting to qualify, should first present to the board legal evidence that they possessed the educational qualification mandatorily required by section 4399-22, Kentucky Statutes, and by it did further provide that no member elect of the board would be permitted to qualify until he should have first convinced a majority of the board, by documentary evidence (presented in any one of the three ways provided by section 4399-22, Kentucky Statutes), that he then possessed such educational qualification. He further alleged that the appellant had failed to comply with this amendatory provision of the board's by-law and had continued in his failure to comply with such requirement throughout the unreasonable period intervening between the beginning of his term on January 3, 1938, and the board's second regular meeting on February 5, 1938, with the result that the board was authorized to adopt a resolution, which it did on February 5, declaring the appellant had failed to qualify as a member elect of the board within a reasonable time, and that, by reason of his delinquency in this, a vacancy, existed on the board, which was filled by the appointment of the appellee as a member of the board, after having first received his resignation, tendered as effective February 4, 1938.

On March 28, 1938, the appellee, Remines, claiming title to the office by reason of his appointment to fill the vacancy thus created on the board, brought this action to quiet his title thereto and to permanently enjoin Oakes from interfering with him in the performance of his duties as a member of the board

To this petition Oakes filed a demurrer and also, without waiving same, an answer, counterclaim and cross-petition, whereby, after first traversing the allegations of the petition, he pleaded and alleged his election to membership on the Greenup County Board of Education at the general November, 1937, election; that a certificate of election had been issued him on November 26 by the County Board of Election Commissioners; that he, at the first meeting thereafter of the Board of Education, on January 3, the time at which his term of office began, had legally qualified as such member elect by taking the oaths of office required and duly filing same on that day in the office of the secretary of the Board of Education, and had twice thereafter, upon

judgments being entered in the Greenup circuit court, adjudging that appellant had been lawfully elected a member of the Greenup County Board of Education, likewise again qualified as member elect to the office by taking the required oaths and filing same with the secretary of the board.

Further, he alleged that the plaintiff, Remines, had been unlawfully and prematurely appointed a member of the board to fill a vacancy improperly declared by the board to exist in its membership, as one caused by the failure of appellant to lawfully qualify and be inducted into office within a reasonable time after the beginning of his term; that the plaintiff was claiming right, under such illegal appointment by the board, to the office and was usurping it as a member thereof and was attempting to exercise the duties of the position and receiving its fees and emoluments, all to the hurt and injury of the defendant, for which reasons he asked a temporary restraining order against Remines, which was granted by the clerk, and also that the defendant be enjoined from meeting with the board as a member thereof and from interfering with him, the defendant, in the discharge of his duties as such duly elected officer, and that his title to the office be quieted.

He further filed an amended answer, counterclaim and cross-petition, wherein he still alleged the fact of his having been duly elected to this office and that he had duly qualified therefor. With this pleading, he filed six affidavits, including his own, which was the only proof heard in the case.

These affidavits were filed as furnishing the documentary evidence required for showing the appellant's possession of the statutory educational qualification necessary for eligibility for holding the office of member of the Board of Education, in the way and manner required by section 4399-22, Kentucky Statutes. By one of these affidavits, the Superintendent of Public Instruction certified that the appellant, Oakes, had on March 19, 1938, appeared in his office and successfully passed an examination qualifying him to serve as a board member, in accordance with the authority of section 4399-22, Kentucky Statutes. By another affidavit, D. M. Allen, Sr., certified that he was a teacher in the public schools of Floyd County from 1891 to 1898, and Superintendent of Schools in that county from 1898 to

1902; that he had known the appellant, Oakes, since 1889 and was well informed concerning his educational qualifications and had personal knowledge, by virtue of his office as county school superintendent, that the appellant had completed all the requirements of the eighth grade of that common school.

By stipulation of parties, the case was tried upon the pleadings and the proof taken and filed in the form of these affidavits, certificates and other exhibits.

Upon submission of the case to the court on motion of each party for an injunction and for a determination of their rights, the lower court adjudged, notwithstanding its pronouncement, that the Board of Education had no power to enact the by-law above referred to, requiring that documentary evidence of educational qualification be submitted by the member elect before qualifying, that:

"It was the duty of defendant Oakes to take the constitutional oath and the oath required of members under section 4399-23, and file this oath with the secretary of the Board of Education or in his office * * * and in addition to furnish the Board of Education * * * certificate of his educational qualifications in one of the three ways provided under section 4399-22. Either of which in the judgment of the court would be sufficient on January 3, 1938, or within a reasonable time thereafter. Unless this was done, then this section would have no meaning.

"On January 3, 1938, defendant, Oakes, did file his constitutional oath as required from all officers and oath required by sub-section 23, but did not file or offer to file any kind of a certificate as to his educational qualification as set out by sub-section 22. The next regular meeting of the board was held February 5, 1938, and at this time defendant did not appear as a member at the board meeting or give any excuse for not being present, and did not file, or offer to file, any kind of a certificate as to his educational qualification. * * *

"The board on February 5, 1938, perceiving that he did not want to or could not qualify, declared his office vacant and elected plaintiff as his successor. The court is of the opinion that it was

mandatory that Oakes comply with subsection 22 within a reasonable time after his election and *before he qualified* and having failed to do so before February 5, 1938, the board was justified in declaring a vacancy to exist, under the authority of Brown v. Rose, 233 Ky. 549, 26 S. W. (2d) 503, without notice

"The restraining order granted to defendant is dissolved and motion of plaintiff for permanent injunction restraining defendant from interfering with or obstructing plaintiff in the discharge and performance of the official duties of his office is sustained." (Italics ours.)

The appellant contends that this ruling was erroneous, in holding that the repeated attempts made by the appellant to qualify as a member elect of the board were ineffectual and failed to comply with the provisions of the law, in that the appellant did not, when making and filing his oaths with the board, submit documentary evidence of his possession of the statutory educational requirement and in further holding that the board was authorized, upon its second meeting, to declare his place upon the board vacant, upon the ground that defendant had allowed more than a reasonable period of time, from January 3 to February 5, to elapse without properly qualifying in the manner stated, and to appoint as his successor thereto the appellee, Remines.

He appeals, asking our review and determination of these holdings made by the trial judge, which he insists were erroneous.

The first ground urged by appellant for a reversal of the judgment is that the court erroneously ruled, in holding that his taking and filing of the constitutional and statutory oaths, required by section 4399-23, Kentucky Statutes, with the secretary of the board, did not constitute a legal qualifying by him and induction into the office of member of the Board of Education.

The language of the judgment as to this is, as quoted supra, that:

"On January 3, 1938, defendant, Oakes, did file his constitutional oath as required from all officers and oath required by section 23, but did not file or offer to file any kind of a certificate as to his

educational qualification as set out by sub-section 22. The next regular meeting of the board was February 5, 1938, and at this time defendant did not appear as a member at the board meeting or give any excuse for not being present, and did not file, or offer to file, any kind of a certificate as to his educational qualification. He was bound to know of the date of the meeting and the law presumes that he knew the requirement that he had to meet as to his educational qualification."

Section 4399-23, Kentucky Statutes, dealing with the question of the member elect's duty to take the prescribed oaths of office and legally qualify as such, is:

"Any person elected to membership on a board of education shall, before assuming the duties of his office, qualify by taking the following oath in addition to the constitutional oath. Such oath shall be kept on record by such board."

While the amended by-law of the board did attempt to impose the additional duty upon the member elect in qualifying of first presenting to it such documentary evidence of the kind and character required by section 4399-22, Kentucky Statutes, as was sufficient to convince it that the member elect possessed the mandatorily required educational qualification, it is to be noted that the statute makes no such demand, and, as rightly held by the trial court, the Board of Education was unauthorized to impose any such duty as a condition upon which a member elect to the office would be permitted to legally qualify.

While perhaps it might be well, to avoid the frequent ouster suits and contest litigation arising over disputes as to the educational qualification of a member elect to the board, to require by statute that one announcing himself as a candidate for membership on a board should therewith submit documentary evidence of his then possession of this essential and necessary educational qualification, it is sufficient, for the purpose of our determination of the question here presented, to say that the statute makes no such requirement, and in the many ouster suits here presented, involving this question, the incumbent in office has been permitted to retain his office and held eligible therefor, where he was able to show, in one of the three ways provided by section 4399-22, Kentucky Statutes, that he possessed the edu-

cational qualification required for election to and holding the office.

We are, for such reason, of the opinion that the contention of appellee, that the taking and filing by appellant of the oaths, as stated, supra, was not sufficient for qualifying and inducting him into office, is not meritorious, in that there is no statutory provision or any rule of this court construing this section of the statute as by implication requiring, as a legal condition for qualifying for the office, that the member elect should first tender and submit to the board documentary evidence of his possession of the required educational qualification, sufficient to establish same to the satisfaction of the board.

Rather, it is our conclusion as to this that the contention of appellant is to be sustained; that when he took these oaths of office and filed them with the Board of Education on the first Monday in January, 1938, that being the first meeting of the board at which appellant's term began, he thereby legally qualified and did all that the law required him to do for becoming legally inducted into office.

We conceive, also, that the judgment of the court was further erroneous in respect to its holding that "it was mandatory that Oakes comply with subsection 22 within a reasonable time after his election and before he qualified and having failed to do so before February 5, 1938, the board was justified in declaring a vacancy to exist, under the authority of Brown v. Rose, 233 Ky. 549, 26 S. W. (2d) 503, without notice".

We do not find where the statute confers any such discretionary power upon the Board of Education, to declare vacant the office of a member elect when in its judgment he has failed to qualify and to present evidence of his educational qualification to the board for what it considered an unreasonable length of time.

It is our opinion that this question is regulated and controlled by section 4399-29, Kentucky Statutes:

"Each board of education shall hold at least one regular meeting each month. * * * Each member of the board shall have due and timely notice of such meetings and the nature, object, and purpose for which called. * * *

"Any board member failing to attend three

758

consecutive regular meetings, unless excused by the board for reason satisfactory to it, shall be deemed to have vacated his office of board member.''

The Board of Education in the instant case did not defer its decision to declare vacant the office of appellant as a member of the board until appellant had failed to attend, as provided by the statute, three consecutive regular meetings of the board, but with undue haste so declared and proceeded to appoint a successor for him at its second meeting, occurring only some thirty days after he had attempted to qualify as a member of the board on January 3.

We are of the opinion that such action on the part of the board was premature and not in accord with the statutory limitation upon the authority of the board to so act, nor do we find any warrant for the construction of this statute as giving, by necessary implication, to the board the right to so arbitrarily and prematurely oust a member elect from the board.

For these reasons, it is our conclusion that the court erred in not sustaining appellant's motion to dissolve the injunction granted as same should have been sustained.

It is our conclusion, for the reasons above indicated, that the lower court's judgment should be reversed, with directions to award appellant a permanent injunction against the appellee, and, as it appears from brief of appellant that there are other cases pending involving this exact question, that mandate should be issued forthwith, without prejudice, however, to appellee's right to file a petition for rehearing.

Judgment reversed.