6871

STATE EX REL. JERNIGAN v. STICKLEY.

1. Quo Warranto—Injunction—Bar.—An action in equity to restrain defendants from exercising the duties of municipal officers is not the same cause of action as a proceeding by *quo warranto* to try title to municipal offices, and such *quo warranto* suit is not barred by the equity action against the same defendants dismissed on demurrer to jurisdiction. Such action in equity may be dismissed by entry on docket and clerk's minutes without formal order or entry of judgment.

2. A resignation by a public officer is not binding until accepted by the responsible government at the time. Such resignation may be withdrawn any time before acceptance, and by public declaration of which the proper authorities have notice without withdrawal of the paper itself from the custody in which it was placed.

3. Ibid.—Cities and Towns—Port Royal.—A meeting of a part of the voters of a town in pursuance of no regular call for a mass meeting

has no power to accept resignation of municipal officers, and the intendant and such citizens of the town of Port Royal have no authority to accept resignations of municipal officers and order an election to fill vacancies and appoint managers to conduct same.

Proceeding in the original jurisdicition of this Court in the nature of *quo warranto* by J. J. Jernigan, as intendant, and I. McP. Gregorie, M. Herman and S. B. Thompson, as wardens of Port Royal, against John Stickley, John L. Wall, Pat Wall, M. B. Cope and J. L. Paul.

*Mr. Wm. J. Thomas,* for relator.

*Mr. Thos. J. Talbird,* contra.

April 16, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This was a proceeding in the original jurisdicition of this Court in the nature of a *quo warranto* against defendants, requiring them to answer to the State and show by what warrant or authority they claimed to hold the offices of intendant and wardens of the town of Port Royal.

The relators allege that at the regular election held for municipal officers in the town of Port Royal on the 9th day of January, 1907, the respondent, John Stickley, was elected intendant and relators, I. McP. Gregorie and M. Herman, together with John L. Wall, respondent, and Robert Mare, now deceased, wardens, for the term of two years, as provided by law; that the said intendant and wardens qualified and entered upon the discharge of their respective duties; that on the 20th day of September, 1907, during the trial before the town council of a policeman for violation of the dispensary law, the said John Stickley wrote out and handed to the clerk and treasurer, F. W. Scheper, Jr., the following paper:

"Port Royal, S. C., Sept. 20, 1907.

"To the Honorable Body of Wardens, Town of Port Royal:

Gentlemen: Please accept my resignation, to take effect at once. Your respectfully,

(Signed) "JOHN STICKLEY."

That immediately thereafter three wardens, Gregorie, Herman and J. L. Wall, handed the clerk and treasurer papers of like import and, with the intendant, left the meeting.

Subsequently, and before the said resignations were acted upon, Gregorie and Herman withdrew their resignations from the hands of the clerk. On October 15, 1907, relators Gregorie and Herman and Robert Mare constituting a quorum of the wardens of said town, attended by the clerk and treasurer, held a meeting in the town hall and adopted a resolution accepting the resignations of said John Stickley, intendant, and John L. Wall, warden, and ordered a special election for intendant and warden to fill said vacancies; that this action was taken under protest of John Stickley .

That after Stickley resigned, and before the same was acted upon, an election for four wardens was ordered by said Stickley, and as a result thereof, John L. Wall, Pat Wall, M. B. Cope and J. L. Paul were declared elected as wardens, who, claiming under said election took charge of said offices of wardens.

The relator, J. J. Jernigan, was duly elected intendant, and Dr. S. B. Thompson warden of said town at an election held on the 4th day of November, 1907, and duly qualified and entered upon the discharge of their duties as such officers, and that the relators have continued to act as intendant and wardens until now, except in so far as they have been interfered with by respondents.

On hearing read and filing the foregoing petition January 22, 1908, this Court issued a rule to respondents requiring them to show cause before the Supreme Court at Columbia, S. C., January 27, 1908, by what warrant or authority they

claimed to hold the office of intendant and wardens of the town of Port Royal.

Respondents made return to the rule alleging that there is an action pending between the same parties for the same cause in the Court of Common Pleas for Beaufort County, which has never been terminated, so far as respondents know or have been advised, and asked that the cause be dismissed.

And, for a further return, respondents admit the incorporation of the town of Port Royal under the law, the regular election of intendant and wardens on January 9, 1907, and the trial of a policeman on September 20 of that year, during which trial the intendant, Stickley, and wardens, Gregorie, Herman and J. L. Wall, offered their resignations, and allege that during said meeting warden Mare also offered his resignation.

"Respondents allege   *   *   *   that the resignations tendered by all the wardens of said town on the 20th of September, 1907, were acted upon and accepted by the people of the town of Port Royal in mass meeting on the night of the 23d day of September, 1907, there being no officers of said town to act, the people deemed it necessary to act for themselves, and said action by the people was done publicly and notoriously, and with the full knowledge of relators and before any effort, so far as these respondents are aware, was made to withdraw said resignations, and said F. W. Scheper, Jr., acting clerk and treasurer, stated at this meeting that no resignations had been withdrawn."

That some kind of a meeting was had by relators Gregorie, Herman and Robert Mare on the 15th day of October was admitted, but any action taken was done over the protest of respondent Stickley, and after a new board of wardens was elected and had qualified. Respondents denied that relators Jernigan and Thompson were elected as intendant and warden respectively, or that they have acted in said capacity other than as intruders while these respond-

ents were restrained by order of Judge Gage of the Circuit Court. Respondents admitted they had been exercising the duties and functions of said offices ever since the injunction issued by Judge Gage was dissolved.

For a further defense, respondents allege that relators Gregorie, Herman and said Robert Mare, as wardens, tendered their resignations unconditionally, to take effect at once, on September 20, 1907, and, having no power to withdraw same thereby, said offices became vacant.

The first question presented for our consideration is whether the petition should be dismissed because of the pendency of an action in the Court of Common Pleas for Beaufort County between the same parties for the same cause of action.

On this point W. J. Thompson made affidavit "that he, as attorney for defendants, * * * nor otherwise, had no notice or knowledge of any order dismissing said action or of any withdrawal of said action, and, therefore, says said action is still pending." The certificate of S. H. Rogers, clerk of court, was to the effect that no order was filed in his office dismissing the said cause, and that no notice of taxation of cost or payment of cost had been made.

Petitioners, in reply, also submitted the certificate of the clerk of court, S. H. Rogers, that the case was marked "ended" on the docket in the handwriting of Judge Hydrick, who sustained the demurrer to the complaint, and that the case was also marked "ended" in the minutes of said Court kept by him as clerk. Thomas Talbird, attorney for petitioners, made affidavit "that on the call of the said case at the January, 1908, term of the Court of Beaufort County * * * W. J. Thomas, attorney for defendants in that case interposed a demurrer to the complaint on the ground that the complaint showed that the action was in the nature of a *quo warranto,* and that the State was a necessary party and that the Court of Equity would refuse to grant injunction. His Honor, Judge Hydrick, took this view of the

case, holding that the State was a necessary party, and, upon deponent's request to be allowed to amend, he stated that he did not think he had the power to amend the proceedings, as the Court had no jurisdiction of the case, as the State was not a party, and he could not allow amendment to be made, making the State a party, and in answer to Mr. Thomas' questions as to whether it was necessary to take an order dismissing the case, he replied that it was not necessary."

The plea of pendency of another action in a tribunal having concurrent jurisdicition must distinctly show that the same parties and the same subject matter are before it. Bliss, Code Pleading, Sec. 410. The parties to the action in the Court of Common Pleas for Beaufort County are not the same as the parties to this action. That action was brought by Robert Mare, as warden and acting intendant, and I. McP. Gregorie and M. Herman, as wardens of the town of Port Royal, against John Stickley, John L. Wall, Pat Wall, M. B. Cope and J. L. Paul, defendants. This proceeding is in the name of the State after its leave to be made a party had been granted by the Attorney General on the relation of J. J. Jernigan, as intendant, and I. McP. Gregorie, M. Herman and Dr. S. B. Thompson, as wardens of the town of Port Royal, against the same defendants. The proceeding here is in the nature of a *quo warranto,* now regarded as a civil remedy, in which the State is a necessary party, since it has a direct interest in the title to the public office affected. *Lawton* v. *Hutson,* 1 McC., 85; *State ex rel. Stock* v. *Schnierle,* 5 Rich., 299; *State* v. *Bowen,* 8 S. C., 400; *Wallace* v. *Anderson,* 5 Wheat., 291, 5 L. Ed., 289, and notes; 23 Ency. Law, 614; 17 Ency. Pl. and Pr., 428.

The cause of action is not the same. Here it is a *quo warranto* to try title to a public office; there is was for an injunction to restrain defendants from exercising the duties of the said office. Even if the cause of action should be

considered the same, the evidence is conclusive that the action below had been dismissed, and was so treated by the Court and attorneys. True, there was no formal order passed by Judge Hydrick, who sustained the demurrer to the complaint in the Court of Common Pleas, but the case was marked "ended" on the docket in his handwriting, and when asked by attorney for respondent if it was necessary for a formal order, he replied that it was not necessary.

In the case of *Smith* v. *Walke,* 43 S. C., 381, 21 S. E., 249, it was held that the plea of another action pending can not be sustained where the prior action was dismissed for want of jurisdiction before this action was commenced, though the formal order of dismissal was of later date.

The remaining questions presented by the petition and return all depend upon whether a public officer who had tendered his resignation unconditionally can withdraw the same before acceptance; or what is the effect of an unconditional resignation? On this question the authorities are not in accord.

There is a line of cases maintaining the proposition that an unconditional resignation tendered to the authority entitled to receive it can not be withdrawn. *State* v. *Fitts,* 49 Ala., 402; *State* v. *Hauss,* 43 Ind., 105, 13 Am. Rep., 384; *State ex rel. Kirtly* v. *Augustine,* 113 Mo., 21; 35 Am. St. Rep., 696; *State* v. *Clarke,* 3 Nev., 566.

On the other hand, at common law and in a great number of the States, the doctrine prevails that the resignation of a public officer is not complete until it is either expressly or by implication accepted by the proper authorities. *State* v. *Clayton,* 27 Kan., 442, 41 Am. Rep., 418; *Coleman* v. *Sands,* 87 Va., 689, 13 S. E. Rep., 148; *State* v. *Ferguson,* 31 N. J. L., 107; *Van Orsdall* v. *Hazard,* 3 Hill (N. Y.), 243; *Edwards* v. *United States,* 103 U. S., 471; *Hoke* v. *Henderson,* 4 Dev. (N. C.), 1; 25 Am. Dec., 677; 1 Dillon Munic. Corp., 3d Ed., 249.

In the case of *State* v. *Aucker*, 2 Rich., 245, this rule was applied to the resignation of certain officers and members of a church, the Court saying: "The question is whether such a resignation has been made and accepted according to law and in a way obligatory on all the parties to this controversy. To make it so there must have been both a resignation, *cum animo*, and an acceptance of it on the part of the acting and responsible government at the time."

In the absence of statute this rule is supported by the better reasoning and the greater weight of authority, and has been adopted by the Supreme Court of the United States. *Edwards* v. *United States*, 103 U. S., 471.

Until the tender or offer to resign is accepted by the proper authority it can be withdrawn. Dillon Munic. Cor., 3d ed., 249; *State* v. *Clayton*, 27 Kan., 442, 41 Am. Rep., 418, and note.

Applying the foregoing principles of law to the undisputed facts of the case, the resignation of Stickley as interdant was made to the proper authority to receive it—the wardens of the town—and if it had been promptly accepted by them, it could not have been recalled; but there was no attempted acceptance until nearly a month thereafter. In the meantime, certainly on the night of the third day after his resignation was tendered, Stickley, at the request of a majority of the qualified voters of the town, in mass meeting and in the presence of F. W. Scheper, Jr., clerk and treasurer, withdrew his resignation as intendant. True, he did not get possession of the paper on which his resignation was written; this was in the custody of Scheper, the clerk and treasurer, but the wardens of the town had notice of the public withdrawal of Stickley's resignation, and it was not necessary to make his withdrawal effectual that the formal paper resignation be secured by him. Stickley, having withdrawn his resignation before its acceptance by the wardens, of which they had notice, under the principle here-

tofore announced, he holds his position as intendant as against any election held after such withdrawal.

We next notice the claims of J. L. Wall, Pat Wall, M. B. Cope and J. L. Paul. Whatever authority they have depends upon the legality of the election held pursuant to the meeting of citizens held September 23, 1907.

3    This was not a meeting after notice and call for a mass meeting, but was composed of the friends of Stickley. Such a body had no power to order an election, and the election held under the managers appointed by Stickley and by authority of said meeting was illegal.

Under Section 3 of the charter of the town of Port Royal, the intendant alone has no authority to order an election and appoint managers to conduct the same to fill vacancies in the town offices, but that can be done only by a quorum of the intendant and wardens or of the wardens, and no such authority could be conferred by a meeting, without notice, of a portion of the electors of said town. Therefore, respondents J. L. Wall, Pat Wall, M. B. Cope and J. L. Paul, not having been legally elected as wardens, have no title to said office.

We next consider the status of petitioners Mare, Gregorie and Herman. We are satisfied from the evidence that Mare never tendered his resignation, and so remained in office as warden until his death, which occurred after the commencement of said action in the Circuit Court and before this proceeding was begun.

Wardens Gregorie and Herman filed their resignations on the 20th of September, but withdrew the same before acceptance by anybody whose duty it was to receive and accept the same. It appears that their resignations were not withdrawn on September 23, when the members of the Stickley party met. If this meeting had been a duly constituted mass meeting of the electors of the town of Port Royal, with power to accept the resignations of the town officers and provide for an election of their successors, there

would be force in the position that the resignations of Gregorie and Herman had been accepted before withdrawal; but, as already shown, this meeting had no such power, and wardens Gregorie and Herman had the right afterwards to withdraw their resignations, which they chose to do. Their withdrawal before acceptance leaves them in the same status as Stickley, and under Section 3 of the charter of Port Royal, referred to above, they, with warden Mare, then living, had the right to accept the resignation of J. L. Wall, which had not been withdrawn, and to order an election to fill the vacancy caused thereby, but they did not have authority to accept the resignation of Stickley and order an election to fill his place, since his resignation had been in reality withdrawn, of which fact they had notice.

The vacancy for warden created by Wall not having withdrawn his resignation before acceptance was filled by the election of Dr. S. B. Thompson on November 4, 1907, at an election for intendant and warden, ordered by wardens Mare, Gregorie and Herman, after the notice required by law.    J. J. Jernigan was voted for as intendant at said election, but his election is void, as there was no vacancy in the office of intendant.

The judgment of the Court is that respondent John Stickley, as intendant, and relators I. McP. Gregorie, H. Herman and S. B. Thompson, as wardens, are entitled to hold said offices and constitute the lawful town council of Port Royal.