## 7522

### HOWARD v. TOWN OF PORT ROYAL.

CITIES AND TOWNS—OFFICERS.—There were two sets of municipal officers, both claiming to be the legal officers of the town of Port Royal. Both sets elected a town scavenger, both of whom performed duties pertaining to the office. The salary due the scavenger elected by the officers decided by the Courts to be the *de jure* officers cannot be defeated by the previous payment of a like amount to the scavenger elected by the other set.

Before SHIPP, J., Beaufort, July, 1909. Affirmed.

Action by Charles Howard against town of Port Royal in court of magistrate, Thomas G. White. From circuit order affirming judgment of magistrate, defendant appeals.

*Mr. W. J. Thomas,* for appellant, cites: *Officers deposed by Court were in possession and were de facto officers:* 80 S. C., 66; 8 S. C., 473; 8 Ency., 793; 66 S. C., 1; 67 S. C.,

236.   *Acts of such officers are valid:* 73 S. C., 401; *Cromer v. Boinest,* 27 S. C.; 8 S. C., 408; 8 Ency., 820, 823.

*Mr. Thomas Talbird,* contra.   No citations.

March 30, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   Plaintiff brought action against defendant before magistrate Thomas G. White, Esq., to recover forty-eight dollars claimed to be due him for services as scavenger of the town, between February 18th and August 18th, 1908.   The magistrate gave judgment for plaintiff, which on appeal was affirmed by the Circuit Court, Judge Shipp presiding.

The magistrate found as a fact from the testimony that plaintiff was elected as scavenger by the town council of Port Royal and served as such for the time mentioned and at a regular meeting of council the bill of plaintiff was ordered paid.   This finding of fact, affirmed by the Circuit Court, is final and conclusive.

The litigation is an outgrowth of the factional contest in Port Royal, determined by this Court in the case of *State ex rel. Jernigan v. Stickley,* 80 S. C., 64, 61 S. E., 211.   On the 18th of February, 1908, there were two intendants and two sets of wardens claiming to be the lawful town council of Port Royal, one of these bodies, composed of John Stickley as intendant and John L. Wall, Pat Wall, M. B. Cope and J. L. Paul as wardens, elected Robert McGowan as scavenger.   About the same time the other body composed of J. J. Jernigan as intendant and I. McP. Gregorie, M. Herman and S. B. Thompson as wardens, elected plaintiff, Howard as scavenger.

Both McGowan and Howard performed duties appertaining to the office.   McGowan was paid for his services.

The legality of the appointment of plaintiff to the office can not be questioned, as it appears he was elected by the

wardens constituting a quorum of the lawful town council of Port Royal, as determined in *Jernigan* v. *Stickley*, 80 S. C., 64, 61 S. E., 211.  Having performed the services required of him and there being no dispute as to the amount of his claim, the judgment therefor must follow.

The contention of appellant that the intendant and wardens who elected McGowan were *de facto* town council of Port Royal, can not avail as against the claim of plaintiff who served under an election by *de jure* town council.

The judgment of the Circuit Court is affirmed.