## Jenkins v. Congleton et al.

(Decided January 15, 1932.)

HARRY B. MILLER, I. JAY MILLER and FARMER & FARMER for appellant.

CLINTON M. HARBISON, J. PELHAM JOHNSTON and WILLIAM B. GESS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The General Assembly at its 1930 session passed an act providing for the city manager form of government in cities of the second class and authorizing any city of that class to become organized under its provisions by proceeding as therein provided. Chapter 91, Acts of 1930.

At the regular election held in November, 1930, the sense of the voters of the city of Lexington was taken on the question of the city organizing and being governed under the act, and the majority of the votes cast at the election were cast in favor of the organization and government of the city under the city manager form of government. At the regular election held in November, 1931, there were candidates for the offices of mayor and commissioners of the city, and the appellee W. T. Congleton was elected mayor, and the appellees David Ades, Sam H. McCormick, Charles R. Thompson, and Steve B. Featherston were elected commissioners, and on November 16, 1931, certificates of their election were issued to them.

Section 29 of chapter 91 of the Acts of 1930 provides that a vacancy shall exist when any elective officer fails to qualify within ten days after notice of his election. None of the appellees qualified within ten days after receiving notice of his election by executing bond and taking the oath prescribed by law.

On December 3, 1931, appellant William Jenkins, conceiving that a vacancy existed in the respective offices by reason of each of the appellees having failed to qualify within the time provided by the act, brought this suit, in which he asked that a vacancy be adjudged to exist in the offices of mayor and commissioners of the city of Lexington and that each of the appellees be enjoined from assuming or attempting to assume the duties of the respective offices to which they had been elected. He sued as a resident and taxpayer of the city of Lexington.

On December 3, 1931, but after the petition had been filed, the appellees appeared before Chester D. Adams, judge of the Fayette county court, and executed bonds and took the oaths of office prescribed by law. On December 5, 1931, the appellant filed an amended petition setting up these facts and alleging the bonds executed before the county judge were void. The petition as amended

48

alleged, in substance, that the appellees had attempted to qualify for the respective offices to which they had been elected and, in anticipation of the assumption of their duties of the offices of mayor and commissioners of the city of Lexington, on January 4, 1932, they had engaged or attempted to engage one Paul Morton to act as city manager for the city of Lexington, and were attempting to bind the city by other contracts which would be carried out if they were not enjoined from assuming on January 4, 1932, the duties of the respective offices to which they had been elected. In other words, the petition as amended alleged, in substance, that the appellees were usurping, or about to usurp, the offices to which they had been elected.

The appellees filed a special demurrer to the petition as amended. The lower court sustained the special demurrer and dismissed the petition on the theory that the plaintiff as a private citizen or taxpayer had no right to maintain the action. Before the adoption of section 480 of the Civil Code of Practice, the common-law writ of quo warranto and its successor, an information in the nature of a quo warranto, were employed to oust an usurper of an office. Our Code, however, now fixes the nature of the proceeding for ousting an usurper and provides who may maintain the action. Section 480 of the Civil Code provides: "In lieu of the writs of scire facias and quo warranto, or of an information in the nature of a quo warranto, ordinary actions may be brought to vacate or repeal charters, and to prevent the usurpation of an office or franchise." Section 483 provides: "If a person usurp an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action." And section 485 provides: "For usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted and prosecuted by the Attorney-General." These sections of the Code provide the mode by which a person who usurps an office to which he is not entitled may be deprived of it. There is no provision authorizing a private citizen or taxpayer to maintain an action to prevent the usurpation of a municipal office, but the Attorney General, or the person claiming or entitled to the office, are the only persons authorized to maintain such a suit. Appellant relies on Goin v. Smith, 202 Ky. 486, 260 S. W. 10, as authority to the contrary. But, in that case there was no office to be usurped. It was held that

the election held in the city of Frankfort to take the sense of the voters on the question of changing the form of municipal government from a councilmanic to a commission one was void and that, therefore, the office of commissioner, to which Goin claimed he had been elected and the duties of which he was threatening to perform, had never been created, and it was said, in substance, in the course of the opinion that a citizen and taxpayer has the right to maintain an action to enjoin a person threatening to clothe himself with, and to exercise the functions of, a nonexistent office and thus unlawfully to interfere with the administration of municipal affairs. The decision was finally rested on the fact, however, that the plaintiffs were officers of the city and the defendants were threatening to interfere with them in the discharge of their official duties.

In the instant case there were duly created offices to which the appellees had been elected. Under such circumstances the Civil Code provides the exclusive mode for testing appellees' title to the respective offices claimed by them, and, under the Code provisions, only one claiming title to a municipal office or the Attorney General may maintain an action to oust an alleged usurper. King v. Kahne, 27 Ky. Law Rep. 1080, 87 S. W. 807; Anderson v. Fowler, 180 Ky. 587, 203 S. W. 322, 323; Spurlock v. Lafferty, 214 Ky. 333, 283 S. W. 124.

The generally recognized rule that quo warranto proceedings or the substituted statutory proceedings are the exclusive method of determining the right to hold and exercise a public office is founded upon considerations of policy and necessity. It would be detrimental to the public welfare and highly inexpedient that title to a public office should be put in question whenever any private citizen sees fit to make the assault. Under the rule a public office may not be the subject-matter of private litigation at the instance of one who has no interest therein, which differs from that of every other member of the public. In Anderson v. Fowler, supra, it was said:

> "It is a well-recognized legal principle that suits of this character should be brought by some public officer, or by some one personally interested in the office; and, when the legislature names the public officer who may bring the action, it necessarily

excludes, by implication, the right of any other person to bring the action. If it were otherwise, any office holder might be harassed by innumerable suits at the hands of some disappointed person, probably wholly irresponsible. If the suit is brought by a private citizen, he must show specifically his right to the office; otherwise he cannot maintain the action. This principle is thoroughly established in this jurisdiction.''

Counsel for appellant concede that if the appellees were in possession of the offices and were performing the duties thereof, they would be usurpers (provided their contention is correct that having failed to qualify within the time prescribed by law the appellees have forfeited their right to qualify), and the action would be one in which the Attorney General would be the proper party plaintiff. But they contend that this case does not come within the provisions of section 480-487 of the Civil Code of Practice because proceedings under those sections to remove an usurper of a public office can only be instituted where the party sought to be removed is actually in possession of the office and is attempting to perform its duties. This action is essentially one to try title to the offices in question. If a private citizen were permitted to maintain an action to test the title of one claiming to have been elected to an office before the time fixed by law for assuming the duties of the office, he would be permitted to do by indirection what the Code prohibits him from doing directly. The same considerations of public policy apply in one case as in the other. Furthermore, section 480 of the Civil Code of Practice specifically provides that an ordinary action may be brought to prevent the usurpation of an office. It was clearly the intention of the Legislature, in enacting sections 480-487 of the Civil Code of Practice, to limit the right to maintain an action to try the title to a public office to the person entitled thereto, or the commonwealth. It is the generally recognized rule that the title to an office cannot be tried by an action in equity aided by injunction. Spurlock v. Lafferty, supra; Henderson v. Lane, 202 Ky. 610, 260 S. W. 361; Doss v. Howard, 180 Ky. 413, 202 S. W. 888; Harrison v. Stroud, 129 Ky. 193, 110 S. W. 828, 16 Ann. Cas. 1050; Hill v. Anderson, 122 Ky. 87, 90 S. W. 1071, 28 Ky. Law Rep. 1032.

We conclude that the special demurrer putting in issue appellant's right to maintain this action was properly sustained.

Judgment affirmed.

The whole Court sitting.