## Brents v. Burnett et al.

Oct. 5, 1943.

338

·V. L. Brents for petitioner.

Allen Dodd for respondents.

OPINION BY CHIEF JUSTICE FULTON—Dismissing petition.

On motion of the Louisville Bar Association a rule was issued by the Jefferson Circuit Court against the petitioner, V. L. Brents, a practicing attorney, returnable before the respondent, Judge Gilbert Burnett, to show cause why the petitioner should not be required to reimburse a woman to the extent of $40 collected by him while pretending to act as an agent of an officer of court, when he had no such authority.

At about the same time, on motion of the Louisville Bar Association, five other rules were issued, returnable before the respondent, directing the petitioner to show cause why he should not be punished for contempt of court on account of various irregular acts on his part in connection with the collection of the $40.

This original action was filed in this court against Judge Gilbert Burnett and the Louisville Bar Association, seeking a writ of prohibition to prohibit Judge Burnett from proceeding with a trial of the rules and the Louisville Bar Association from further prosecuting them. The respondents have filed a general demurrer to the petition.

Writs of prohibition issue from this court pursuant to the power granted by section 110 of the State Constitution to control the action of inferior courts but will not issue except against an inferior court. Manifestly, therefore, no cause of action is stated against the Louisville Bar Association.

It is the contention of the petitioner that Judge Burnett is a member of the Louisville Bar Association and the Kentucky State Bar Association and that he is disqualified from presiding over the trial of these rules because he has a direct interest in the outcome of the trials which is adverse to that of the petitioner and that, therefore, the petitioner will be denied equal protection of the law and due process of law in violation of the 14th amendment to the Federal Constitution. The contention is so manifestly absurd as hardly to deserve serious consideration. Courts have inherent power to punish for contempt and this inherent power includes the right of the court to issue a contempt rule on its own motion and

preside over the trial of the rule. Riley et al. v. Wallace, Judge, 184 Ky. 471, 222 S. W. 1085, 11 A. L. R. 337.

The rules in question here involve civil contempts. The proper procedure to prevent a biased judge from presiding over the trial of such a contempt rule is to file an affidavit to require the judge to vacate the bench. If a proper showing is made and the judge refuses to vacate, the respondent in the rule has an adequate remedy by appeal. Writs of prohibition issue from this court to control a circuit court acting erroneously within its jurisdiction only when great and irreparable injury will result and there is no adequate remedy by appeal or otherwise. Sizemore v. Stivers, Judge, 287 Ky. 153, 151 S. W. 1059.

In any event, it would be an absurdity to hold that membership in the Bar Association disqualifies a judge from presiding over a contempt rule issued on motion of the Bar Association since such a holding would prevent any trial of such a contempt rule. No judge, or attorney appointed to preside as special judge, would be qualified to preside.

The demurrer to the petition is sustained, the writ of prohibition is denied and the petition is dismissed.