## Jones v. Browning.

Oct. 27, 1944.

W. R. Henry for appellant.

L. O. Siler for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK —Affirming.    *

John S. Jones, superintendent of schools of Williamsburg, instituted this action to have the office of H. A. Browning, a member of the Williamsburg Board of Education, declared vacant, because of alleged illegal transactions with the Board in violation of KRS 160.180. This section provides that the office of a board

member "shall without further action be vacant" under certain specified conditions. The appeal is from a judgment dismissing the petition after a special demurrer had been sustained thereto.

In the case of Jenkins v. Congleton, 242 Ky. 46, 45 S. W. 2d 456, it was held that a private citizen could not maintain an action to prevent a usurpation of a municipal office. See also Saylor v. Rockcastle County Board of Education, 286 Ky. 63, 149 S. W. 2d 770. The appellant seeks to distinguish his position from that of the plaintiff in the Jenkins case by virtue of his being superintendent of schools. We think he is in error, since he is making no claim to the appellee's office, but rather, in a suit in equity, he is asking that the office be declared vacant.

Sections 485 and 486 of the Civil Code of Practice follow:

"485. For usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted, and prosecuted by the Attorney-General."

"486. A person who continues to exercise an office after having committed an act, or omitted to do an act, the commission or omission of which, by law, creates a forfeiture of his office, may be proceeded against for usurpation thereof."

It has long been held in this jurisdiction that a member of a board of education is a state officer and not a county officer. Waddle v. Hughes, 260 Ky. 269, 84 S. W. 2d 75. Section 486 of the Code expressly provides that one who creates a forfeiture of his office by the commission or omission of certain acts may be proceeded against for usurpation. That is the charge against the appellee, namely, by the commission of certain acts he has forfeited his office. The right of the Attorney General to proceed in actions such as this was recognized in the case of Richardson v. Commonwealth, 275 Ky. 486, 122 S. W. 2d 156.

The case of Chadwell v. Commonwealth 288 Ky. 644, 157 S. W. 2d 280, is directly in point. There a member of a county board of education was involved, but KRS 160.180 applies to all school board members, regardless of the type of district, and the Waddle case

expressly holds that a member of an independent district board is a state officer just as is a member of a county board.

Under the circumstances we think the judgment of the chancellor was correct, and it is affirmed.