## Salyers v. Lyons.

March 21, 1947.

Watt M. Prichard, Judge.

C. F. See, Jr. and A. W. Mann for appellant.

K. C. Elswick for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

The question to be decided is whether or not a

County School Superintendent and County Board of Education may arbitrarily declare the office of one of its members vacant.

The appellant, Eslie Salyers, was elected a member of the Board of Education in District No. 2 in Lawrence County, on November 7, 1944. On January 6, 1945, he duly qualified as a member of the Board.

At a regular meeting of the Board on Saturday, July 7, 1945, the Board of Education declared the office vacant due to the fact that Mr. Salyers was a non-resident of the district, having moved to the State of Ohio. At the same meeting the Board elected the appellee, Forest Lyons, to fill the vacancy.

This action was brought by the appellant, Eslie Salyers, against Forest Lyons, wherein it is alleged that the appellee, Forest Lyons, had usurped and unlawfully holds and exercises the office to which the appellant was duly elected and qualified. He prayed that a judgment of ouster be pronounced against the appellee, and that appellant be adjudged entitled to the office.

Upon submission the court dismissed plaintiff's petition because the plaintiff had vacated his office as member of the Board of Education of Lawrence County by moving his residence from the district in which he was elected. From that judgment plaintiff prosecutes this appeal.

Appellee says that after the office was declared vacant, he was elected by the other members of the Board; that he qualified as a member thereof, and is now duly qualified and acting member of the same. This, of course, brings us face to face with the question as to whether or not the Board of Education could declare forfeiture of the office. If they could not, then there was no vacancy and they were without right to elect the appellee. It is contended that the Board of Education declared the appellant's office vacant pursuant to KRS 160.180. The portion pertinent to this action reads as follows:

"If, after the election of any member of the board, he becomes interested in any contract with or claims against the board, of the kind mentioned in paragraph (c) of subsection (1) of this section, or becomes a candi-

date for nomination or election to any office or agency the holding and the discharging of the duties of which would have rendered him ineligible before election, or if he moves his residence from the district for which he was chosen, or if he does anything that would render him ineligible for reelection, his office shall without further action be vacant."

Appellee insists that the provision "shall without further action be vacant" means an ipso facto vacancy and nothing remains to be done by anyone.

Appellant takes the position that an action to declare the office vacant must be brought under Section 485 of the Civil Code of Practice which reads as follows: "For usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted and prosecuted by the Attorney-General."

The decision herein, then, must hinge upon whether or not the Board of Education had right to declare a vacancy in the office. If they did, appellant must fail in his contention.

School wrangles such as these are always more or less unfortunate. Obviously, there existed some sort of division among the members of the Board, some being in accord with the Superintendent and others antagonistic to him. It appears that appellant ran on a ticket antagonistic to the Superintendent. Apparently the appellant had been present and voted at all the regular meetings of the Board throughout the year since his qualification, including the meeting of July 7, 1945, at which the Board took the action complained of. Due to the contention over the election of a successor to Mack Sammons, another member of the Board who had resigned, the present conflict arose. It appears that at this July 7th meeting the Superintendent called the appellant into an adjoining room and tried to iron out the difficulties between them, at which time the appellant told the County Superintendent that he was elected on a ticket against him and that he was still against him. Whereupon, the Superintendent returned to the Board and read to them KRS 160.180 above, and advised them that the office was vacant. Thereupon, the Board declared the office vacant and proceeded to appoint the appellee to fill the vacancy.

If the Board of Education could arbitrarily declare a vacancy under KRS 160.180(2), it does not require a high degree of imagination to see the entailing difficulties. That section of the statutes also provides that if after the election of any member of the Board, he becomes interested in any contract with, or claims against the Board, likewise his office shall without further action be vacant. To adopt the appellee's point of view, it would then follow that the Board could say it recognized the office vacant merely upon an allegation or belief that some of those things had been done by a member of the Board.

In the instant case the appellant insists that his legal residence is yet in the district; that he is temporarily away, and that he had made arrangements with his employer always to return to his district for the regular meetings of the Board. However, that is a matter of no determinative importance here. The question is who has the right to declare, or to bring action to declare the office vacant. Certainly the Superintendent could not because he has no claim to the office. See Jones v. Browning, 298 Ky. 467, 183 S. W. 2d 38. There is neither provision nor precedent for the Board of Education to do so. The appellant was elected and duly qualified. If he was a usurper because of forfeiture on account of having removed himself from the district, action to oust must be brought pursuant to Section 485 of the Civil Code of Practice above, since his office, under decisions of this Court, is a state office. See Richardson v. Commonwealth by Meredith, Attorney General, 275 Ky. 486, 122 S. W. 2d 156.

In the case of Hermann v. Morlidge et al. (Hermann v. Dummit, Atty. Gen.; Hermann v. Morlidge), 298 Ky. 632, 183 S. W. 2d 807, 808, this court said:

"From the above it will be noted that only two questions are presented for determination: the first is whether a private citizen may maintain an action to remove an alleged usurper of a public office when such private citizen does not claim the office himself * * *.

"The first question is answered decisively and adversely to appellant's contention in this court's opinions in King v. Kahne, Ky., 87 S. W. 807, Amberson v. Fowler et al., 180 Ky. 587, 203 S. W. 322, and Jenkins v. Con-

gleton et al., 242 Ky. 46, 45 S. W. 2d 456, written by Justices O'Rear, Miller and Rees, respectively. In each of those decisions it is stated unequivocally that such an action must be in the name of the person entitled thereto, or of the Commonwealth, and, when in the name of the latter, must be brought by or upon the information of the attorney general, when the office is a city office."

The matter relative to non-residence of appellant attempted to be injected into the suit, has no place in this instant action. That would be a matter properly to come in an action properly instituted.

We, therefore, conclude, and so hold, that the court below should have found the appellee, Forest Lyons, to have been the usurper, and that appellant, Eslie Salyers, was the duly elected and qualified member of the Board, at least until either his resignation or following judgment in a properly instituted action ousting him.

Wherefore, the judgment is reversed with directions to enter judgment in conformance with this opinion.