## Kirwan v. Speckman.

June 6, 1950.

Rehearnig Denied October 24, 1950.

Lawrence F. Speckman, Judge.

Lawrence S. Grauman, Elwin W. Paul and Grover G. Sale, for petitioner.

Edward W. Bensinger for respondent.

CHIEF JUSTICE SIMS—Judgment for petitioners.

In this original action brought in this court the petitioner, Patrick S. Kirwan, seeks a writ of prohibition against Hon. Lawrence F. Speckman, Judge of

the Chancery Branch, First Division, of the Jefferson Circuit Court, to prevent him from proceeding further in an action filed by Arthur R. Smith, Jr., to have declared vacant Kirwan's office as a member of the Board of Education of the City of Louisville, hereinafter referred to as the Board.

The petition avers that in November 1946 Kirwan was elected a member of the Board for a four year term and took office on March 4, 1947; that Smith, as a taxpayer suing for himself and all others similarly situated, instituted a declaratory action against the Board and its members and the J. D. Jennings Corporation wherein he alleged a contract the Board made with the corporation to expend $300,000 for the erection of a school building was void because Kirwan had cast the deciding vote in favor of the contract after he had vacated his office; that Smith in his declaratory action averred Kirwan had vacated his office by violating KRS 160.180 in that he became President of the Federation of State Teachers at a salary of $5,000 per year and a member of the Federation of City Teachers, which organizations are teachers' unions supported by dues from its members out of which Kirwan's salary was paid, and then voted in favor of the Board making a contract of employment of a large number of city teachers. Filed as exhibits with the petition seeking the writ are all the pleadings, the opinion of the chancellor and the judgment in the declaratory action.

The chancellor overruled special demurrers challenging Smith's right to maintain the declaratory action but sustained a general demurrer to that part of Smith's petition attacking the Jennings contract for the reason that Kirwan had no interest in that contract; that if Kirwan had forfeited his office before voting in favor of the Jennings contract, he was at least a de facto officer when he cast his vote in favor of it, therefore, the contract was valid. But the chancellor overruled Kirwan's general demurrer to Smith's petition and retained the case on the docket for the purpose of determining whether Kirwan had vacated his office by violating KRS 160.180 and was a usurper by holding on after having voted for a contract in favor of the city teachers. The chancellor's opinion said in

effect he would hold on final submission that Kirwan had forfeited his office and was a usurper.

The petition seeking a writ of prohibition avers that Smith does not claim title to the office held by Kirwan, which is a State office, and the only proceeding by which Kirwan may be ousted is one instituted by the Attorney General under Sec. 485 of the Civil Code of Practice and the Attorney General declined to act. The response filed by Judge Speckman is to the effect that he does not consider the petition filed by Smith as an action to oust Kirwan from office but as one merely seeking a declaration from the chancellor to determine whether Kirwan had vacated his office by violating KRS 160.180. However, the chancellor's written opinion in the declaratory action practically stated he would hold Kirwan had forfeited his office. Such a judgment by the chancellor in a declaratory action would amount to an ouster of Kirwan from office.

It cannot be doubted that a member of the Board of Education is a State and not a County officer, Jones v. Browning, 298 Ky. 467, 183 S.W.2d 38. Admittedly, Smith has no claim to the office and he is not seeking to recover it, therefore, the only action in which Kirwan may be held to have vacated his office is one instituted by the Attorney General under Sec. 480 et seq. of the Civil Code of Practice. This precise question was so decided in Salyers v. Lyons, 304 Ky. 320, 200 S.W. 2d 749.

Respondent relies upon Douglas v. Pittman, 239 Ky. 548, 39 S.W.2d 979, as supporting his position that a declaratory action may be used as the vehicle to oust one from office without the necessity of the claimant or the Attorney General bringing the suit. A careful reading of the Douglas opinion discloses that the question of whether any one but the claimant or the Attorney General can maintain an ouster action was not there presented or decided.

Respondent further cites Maas v. Maas, 305 Ky. 490, 204 S.W.2d 798, and Veith, for Use and Benefit of Jefferson County v. Tinnell, 306 Ky. 484, 207 S.W.2d 325, as supporting his contention that a declaratory action may be invoked to determine the question now confronting us. So it might, if it were brought by the claimant of the office or by the Attorney General, since

the authorities just mentioned hold that the modern tendency is to enlarge rather than to restrict the jurisdiction of a declaratory action. Nevertheless, we have consistently held the only party who can maintain an ouster suit is the claimant of the office or the Attorney General, and title to an office cannot be tested by some other through the process of injunction or a suit in equity. Broyles v. Com., 309 Ky. 837, 219 S.W.2d 52; Richardson v. Com., 275 Ky. 486, 122 S.W.2d 156; Jenkins v. Congleton, 242 Ky. 46, 45 S.W.2d 456.

Our next question is whether the petitioner will suffer irreparable injury, as it is familiar law that the writ is granted only when the inferior court is proceeding without jurisdiction, or is proceeding erroneously within its jurisdiction and there is no adequate remedy by appeal and great and irreparable injury will result. Engle v. Miller, 303 Ky. 731, 199 S. W. 2d 123; Farmers National Bank of Danville v. Speckman, 312 Ky. 106, 226 S.W.2d 315. Petitioner here has no remedy by appeal since a supersedeas in an ouster proceeding does not suspend a judgment of ouster pending appeal but only stays an execution for costs. McClendon v. Hamilton, 277 Ky. 734, 127 S. W. 2d 605. Should respondent hold in the declaratory action that Kirwan had forfeited his office, as he indicated he would, the latter could not remain a member of the Board by superseding the judgment, and his term would expire before a final decision of the matter could be determined by this court. Hence, there is no doubt that the petitioner would suffer irreparable injury at respondent's hands. See Rush v. Denhardt, Judge, 138 Ky. 238, 127 S.W. 785; Ann.Cas.1912A, 1199; Evans v. Humphrey, Judge, 281 Ky. 254, 135 S.W.2d 915; Thomas v. Newell, Judge, 277 Ky. 712, 127 S. W. 2d 610.

It is ordered that the temporary writ issued in behalf of the petitioner against the respondent as Judge of the Chancery Branch, First Division, of the Jefferson Circuit Court, be made permanent and he is prohibited from hearing or determining in the declaratory action whether petitioner has vacated his office as a member of the Board of Education of the City of Louisville.