## Hall et al. v. Allen et al.

July 6, 1950

Rehearing denied August 14, 1950.

Jean L. Auxier, Judge

442

C. Kilmer Combs for appellants.

Baird & Hays, and Joe Hobson for appellees.

CLAY, COMMISSIONER—Affirming.

The question before us is whether or not a member of the Floyd County Board of Education has abandoned his office, and involves the right of other Board members to bring this suit for the purpose of having such question determined. The Court below entertained the action and declared that Ray Fraley had abandoned his office as a school board member.

This litigation arose out of a most unfortunate dissention between members of the Floyd County Board of Education. Prior to his attempted resignation, to be discussed hereafter, Ray Fraley was interested in a contract let by the School Board which might disqualify him from holding office under KRS 160.180. On March 7, 1950, he appeared before a regular Board meeting, and tendered his resignation. He suggested his brother as his successor. The latter was located, brought before the meeting, and was sworn in. He attended a subsequent meeting of the Board and attempted to act as a duly qualified member.

Soon thereafter appellees, who constitute one faction of the Board, instituted this suit to oust Fraley's brother and to have his office declared vacant. Appellants, who constitute the other faction, filed an answer and counterclaim attacking the qualifications of one of the appellees. Special demurrers were sustained by the Court to both the petition and the answer on the ground that they each constituted an attempt to prevent the usurpation of an office, and that such actions could only be brought by the Attorney General or the person entitled to the office under Sections 480 to 488 of the Civil Code of Practice. Thereafter by pleading the parties agreed that due to the lack of a quorum at the meeting on March 7, 1950, the resignation of Ray Fraley was not legally accepted and the attempted appointment of his brother was ineffective. Subsequently appellees amend-

ed their petition; alleged that Ray Fraley had abandoned his office; and asked for a declaration of rights concerning his status and who were the legal members of the Board.

As we understand the position of the parties, they are in agreement concerning their lack of authority to proceed to oust a member of the Board, except that appellants insist if the Court properly adjudged Fraley had abandoned his office, then it must likewise adjudge that the other Board member, Dr. Allen, has forfeited his office for other acts it is not necessary to discuss.

Appellants' principal contention is that there is no difference between declaring a forfeiture of office and declaring that a member has abandoned it, and, therefore, the special demurrer to the last pleading of appellees should have been sustained, as was the special demurrer directed to the original petition. They rely heavily on the case of Salyers v. Lyons, 304 Ky. 320, 200 S.W.2d 749. Therein it was held that members of a board of education could not bring an action to declare the office of one of its members vacant, on the ground it was forfeited because the particular member involved had removed himself from the district. A similar case reaching the same conclusion regarding a suit brought by the superintendent of schools is Jones v. Browning, 298 Ky. 467, 183 S.W.2d 38.

On the other hand, appellees rely on Section 639a—2 of the Civil Code of Practice, which authorizes a declaratory judgment action when the controversy involves a title to office, and upon the case of City of Williamsburg v. Weesner, 164 Ky. 769, 176 S.W. 224. In that case three members of the City Council, for a period of approximately ten months, refused to attend any of its meetings and had expressed their intention to continue their refusal because of some disagreement with city officials. The city brought the suit to have it adjudged that these defendants, by their conduct and declarations, had abandoned their offices. This Court upheld the right of the city to bring such suit, and stated on page 775 of 164 Ky., 176 S.W. at page 226: "This is not a proceeding to remove the appellees from office. According to the facts set up in the petition, they, by their own conduct, have removed themselves from office,

and their place is already vacant; this action is merely to have a judicial determination of that fact.''

We believe the distinction noted between an action to declare a forfeiture and an action to have the fact of abandonment adjudged is a sound one. In the former case the proceeding would deprive a man of an office he is claiming. In the latter, the officer has voluntarily renounced the office. Abandonment is quite different from forfeiture which may be adjudged only in a suit by the Commonwealth or a person entitled thereto under Section 483 of the Civil Code of Practice. It is our view that interested parties, such as appellees, had the right to bring this action as set out in their amended petition, and the lower Court properly overruled the special demurrer.

The remaining question is whether or not Mr. Fraley actually abandoned his office. It is apparent that he did a great deal more than tender his resignation, which by itself perhaps would not constitute abandonment. See Ellis v. Van Horn, 245 Ky. 188, 53 S.W.2d 367. He had theretofore expressed his intention of resigning. He appeared before the Board and tendered his resignation for the specific purpose of removing himself so that another person could be appointed. This other person was appointed, and undertook to act as a duly qualified member of the Board. As of that time Mr. Fraley's purpose had been consumated and his intentions had been fulfilled. He had intentionally relinquished any claim to the office by a completed series of acts. Though he may later have changed his mind, we cannot accept his argument that his resignation was conditional. Sec. 43 Am.Jur., Public Officers, Section 172. It is our conclusion that the office was abandoned, and the lower Court correctly so adjudged.

Since appellants' charge against Dr. Allen is based upon facts which would constitute a forfeiture rather than abandonment, the case of Salyers v. Lyons, 304 Ky. 320, 200 S.W.2d 749, controls, and the special demurrer to their counterclaim was properly sustained.

The judgment is affirmed.