**T. C. ARNETT and Graves County Board of Education, Appellants,**

**v.**

**James B. DE WEESE, Appellee.**

Court of Appeals of Kentucky.

Aug. 12, 1957.

Rehearing Denied Sept. 20, 1957.

Robbins & Cross, Farland Robbins, Mayfield, for appellants.

L. M. T. Reed, Martin, Neely & Reed, Mayfield, for appellee.

STANLEY, Commissioner.

The judgment dismisses for want of jurisdiction a suit for a declaration of rights in respect to the action of the Graves County Board of Education in regarding the incumbent Superintendent of Schools, James B. DeWeese, as having forfeited the office, and to the legality of the appointment of the appellant, T. C. Arnett, in his place.

We summarize the pertinent allegations of the complaint of Arnett and the Graves County Board of Education, as plaintiffs, against DeWeese, as defendant.

DeWeese had vacated or forfeited his office, as declared in KRS 156.480 (an Act of the First Extraordinary Session of the General Assembly of 1956, ch. 7, art. II § 7), by reason of having (1) entered into a contract to rent certain property to the Board; (2) employed his wife as finance officer of the Board; (3) contracted with the Board to serve as its secretary at an annual salary of $3,000, of which he had received $1,000, his salary as superintendent having been fixed at $7,000 per year; (4) been a partner in a firm operating a school bus line under contract with the Board; and (5) received more than $2,500 in travel expenses under contract with the Board. The allegations of the several transactions are supported by copies of minutes from the Board. On March 11, 1957, the Board (by a vote of 3 to 2) declared the office of superintendent to be vacant and appointed Arnett for the unexpired term.

Arnett is employed as a teacher in the Graves County school system, and if he should accept the appointment as superintendent and secretary he would be required to resign his present position and will do so if the court upholds the Board's action.

The complaint states that an actual controversy exists between the respective parties in that the plaintiffs contend the offices were vacant at the time of Arnett's appointment, while the defendant contends otherwise and that he is the lawful incumbent. It is further stated that DeWeese is continuing to function as such incumbent against the wishes and instructions of the Board.

In Chestnut v. Reynolds, 291 Ky. 231, 163 S.W.2d 456, the Laurel County Board of Education, following the resignation of the incumbent, had first appointed Reynolds as superintendent for an unexpired term but before his appointment became effective, the Board rescinded its action and named Chestnut in his stead. Reynolds filed a suit for a declaratory judgment as to his rights. He was at the time superintendent of the schools of another county; and the acceptance of the new appointment would have, of course, vacated his present position. We held a suit for a declaratory judgment could be maintained as against the contention that an action in the nature of quo warranto was the exclusive remedy. The difference between that case and the one now before us is that there was, in fact, a vacancy in the office of superintendent of the Laurel County schools and the controversy was between two persons, both claiming a valid appointment, while in this case there is an issue as to a vacancy existing because of forfeiture.

The appellant contends that by operation of the statute DeWeese ipso facto vacated his office by reason of the alleged illegal transactions so that there is, no difference

between the two cases. We cannot accept the postulate in its entirety. The County Board of Education could not arbitrarily adjudge the superintendent guilty of the offenses charged and declare the office vacant. It is so held in Salyers v. Lyons, 304 Ky. 320, 200 S.W.2d 749. The case deals with KRS 160.180, which uses the same language in relation to acts committed by a member of a county board of education.

In Hall v. Allen, 313 Ky. 441, 231 S.W.2d 702, we noted the difference between voluntary abandonment and a forfeiture of the office of a member of the Board of Education and held that the question of whether or not such an officer had in fact abandoned the office could be determined by a declaratory judgment, but stated that a question of forfeiture should be determined in an ordinary action in the nature of quo warranto as provided in § 483 of the Civil Code of Practice. The same conclusion was reached in Kirwan v. Speckman, 313 Ky. 578, 232 S.W.2d 841.

■ The relief formerly obtained under § 480 of the Civil Code by an ordinary action in the nature of quo warranto is now obtainable by "appropriate action or by appropriate motion" under the Rules unless otherwise provided by statute. CR 81. The Code provision which authorized an action against a usurper of an office is now embraced in KRS 415.030. Rule 57 is, in pertinent part, "The procedure for obtaining a declaratory judgment pursuant to statute shall be in accordance with these rules * * *. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." But where a special statute is clearly intended to provide an exclusive remedy, relief under the Declaratory Judgments Act is not available. Iroquois Post No. 229 American Legion v. City of Louisville, Ky., 279 S.W.2d 13. In the past, the historical development of the Code provision, § 483, justified the conclusion that it was an exclusive course of

procedure for removal of an official or a usurper. That concept should continue to prevail generally. But in the present case we have a law which is a positive and imperative declaration that if any school official or employee shall commit any of the acts enumerated in the statute, KRS 156.480, his office "shall without further action be vacant and he shall, upon conviction, be deemed guilty of a misdemeanor and fined not less than fifty dollars nor more than five hundred dollars."

■ The law, therefore, is clear and unequivocal that if the status or misconduct condemned is proven, it automatically works a forfeiture of the incumbent's right to the office. This provision is self-executing. 43 Am.Jur., Public Officers, § 193. But the fact of the existence of the grounds of forfeiture must be determined by a judicial tribunal. Salyers v. Lyons, supra, 304 Ky. 320, 200 S.W.2d 749. If the court should find as a fact that any of the contingencies or misconduct which rendered him ineligible to continue in office occurred, judgment accordingly must be rendered.

The complaint discloses an existing justiciable controversy between the parties, namely, as to who has title to the office of school superintendent. Both parties have acquired a right to claim the office by action of the Board of Education. The suit is not a proceeding to oust an incumbent but is to test title to the office. The Declaratory Judgments Act, KRS 418.045, provides that such a judgment may be sought where an actual controversy exists by any person "who is concerned with any title to * * * office, status or relation."

■ Quo warranto is an ancient common law process by which the sovereign determined the legality of a claim which a party asserts to the use or exercise of an office or franchise and ousts such a one if his claim is not well founded or the right to enjoy the privilege has been forfeited or lost. McClendon v. Hamilton, 277 Ky. 734, 127 S.W.2d 605. The writ

was abolished or the process enlarged by statute (Civil Code of Practice, § 480) to permit one who claims the office as well as a representative of the state to maintain an action in ordinary to accomplish the same end. The adoption of the Civil Rules was a further advancement in practice and procedure for the purpose, generally, of securing "speedy, and inexpensive determination of every action." by doing away with technical distinctions and establishing one form of action or a single and uniform procedure for all kinds of actions, although the Rules do not enlarge a right to relief. CR 1; Clay, CR 57, Comment 2.

We conclude, therefore, that the action by the individual plaintiff, Arnett, for the declaratory judgment should not have been dismissed and that the court should have permitted the issues of fact to be joined and decided the case on the merits.

The judgment is accordingly reversed for consistent proceedings.