**Robert CROSS et al., Petitioners,**

v.

**Terrill A. WILSON, Judge Clinton Circuit Court, Respondent.**

Court of Appeals of Kentucky.

June 19, 1959.

The petition alleges there is pending in the Clinton Circuit Court an action styled Commonwealth of Kentucky on relation of Jo M. Ferguson, Attorney General v. Petitioners to oust them as members of the Clinton County Board of Education. It alleges a motion for respondent to vacate the bench and affidavits were filed which disclosed respondent was too biased and prejudiced against petitioners to fairly try the action. The petition further alleges that respondent orally overruled the motion and had made several other oral rulings in the action, but had failed to enter any orders with respect thereto, and was thereby preventing a review of same by this court. However, that failure is not the basis of petitioners' complaint. They do not ask that respondent be directed to enter such orders, but pray only that he be enjoined "from taking further action or entering further orders or judgments in the action." Consequently, the petition is predicated on the theory that respondent is proceeding erroneously within his jurisdiction, solely because of his alleged bias and prejudice.

The proper procedure to prevent a biased judge from acting is to file a motion, supported by affidavit or affidavits for him to vacate the bench, and if he refuses to do so upon proper showing, the movant has an adequate remedy by appeal. Brents v. Burnett, 295 Ky. 337, 174 S.W.2d 521; Sizemore v. Stivers, 287 Ky. 153, 151 S.W. 2d 1059. For the above reasons alone the petition should be dismissed.

It appears from the record that on or about the day the petition in this proceeding was filed the respondent filed and entered of record an opinion and judgment in the circuit court action, in which he ruled and passed upon all questions and issues involved. This was apparently done before respondent had any knowledge of the institution of the present proceeding, or at least before the temporary order was served. Petitioners had an adequate remedy by appeal from the judgment.

Parker W. Duncan, Bowling Green, Hile Pritchard, Albany, for petitioners.

James A. Hicks, Albany, for respondent.

SANDIDGE, Judge.

This is a proceeding for relief in the nature of that formerly obtained by the obsolete writ of prohibition. We will treat the petition as one for similar relief under RCA 1.420.

Petitioners rely upon Kirwan v. Speckman, 313 Ky. 578, 232 S.W.2d 841, in support of their contention that in a proceeding to oust a member of a school board, the latter is always entitled to injunctive relief against the ouster, because he has no remedy by appeal, since a supersedeas in an ouster proceeding does not suspend the judgment. We held in that case and under such circumstances the petitioner would suffer irreparable injury by being removed as a member of the board, and consequently a writ of prohibition should be issued. That ruling with respect to the petitioner's irreparable injury and as to what constitutes an irreparable injury was modified, and in effect overruled, by the more recent opinion and decision of this court in Schaetzley v. Wright, Ky., 271 S.W.2d 885. In the latter case we pointed out that a careful analysis of the cases dealing with the supervisory power of this court under § 110 of the Constitution disclosed that in addition to the element of great and irreparable injury there must be something in the nature of usurpation or abuse of power by the lower court before this court should act. The fact that an ousted school board member cannot supersede the judgment ousting him is not such an irreparable injury as will warrant the exercise of our supervisory power under the above pronouncement, and the conclusion to the contrary in Kirwan v. Speckman, 313 Ky. 578, 232 S.W.2d 841, is now overruled.

This court has repeatedly held that its original jurisdiction to issue writs to control inferior courts cannot be invoked as a substitute for an appeal when no appeal lies. Schaetzley v. Wright, Ky., 271 S.W. 2d 885, and cases cited therein. The fact that an appealable judgment cannot be superseded is no basis for a different ruling.

For the above reasons the temporary writ issued in this proceeding is dissolved and the petition is dismissed at petitioners' cost.

MONTGOMERY, C. J., not sitting.