Howard JONES, Appellant,

v.

Floyd ROBINSON et al., Appellees.

Court of Appeals of Kentucky.

Nov. 10, 1961.

Hamm, Taylor & Milby, London, for appellants.

D. B. Mills, Barbourville, C. Homer Neikirk, M. D. Harris, Somerset, for appellee.

MOREMEN, Judge.

Appellant, Howard Jones, is a member of the City Council of London, a city of the fourth class. The city has under KRS 96-350–96.510 acquired a water system and established a Utility Commission to manage it. The Utility Commission is composed of four residents of the city and a member of the City Council, all of whom were appointed by the mayor with approval of a majority of the voting members of the Council. Appellant Jones was appointed ex officio member of the Utility Commission and was so acting when on March 15, 1961, the Commission purchased a motor vehicle from the Dixie Motor Company. Jones was the principal stockholder of the Dixie Motor Company.

KRS 61.270 reads:

"If any officer of a city of the fourth class becomes directly or indirectly interested as agent, principal or surety in any contract with the city, he shall thereby vacate his office, and the contract, if entered into while he is in office, shall be void."

KRS 86.050 reads in part:

"No member of the council shall be interested in any contract with the city, or be in arrears to the city for money collected or withheld without a settlement or quietus therefor. The absence of any of the qualifications, or the existence of any of the disqualifications provided for in this subsection shall render a person ineligible to be a member of the council, and the council shall so declare, and shall fill the vacancy."

On the 4th day of April 1961, at a regular meeting of the City Council, one of the members, Floyd Robinson, introduced a motion seeking to declare vacant the seat held by appellant Jones on the ground that he entered into a contract with the Utility Commission and sold to it a motor vehicle contrary to the provisions of the statutes above quoted. All six members were present and a vote on the submitted motion was divided. Thereupon the Mayor broke the tie by voting against the motion and appellant retained his seat on the Council.

Thereafter this suit was filed in the Laurel Circuit Court wherein, with other relief sought, it was requested that the office held by Jones be declared vacant and the City Council be ordered to fill the vacancy. The parties plaintiff were Floyd Robinson, Ted Jody, and Luther Harville, who alleged that they were residents and tax payers of the city of London and were also members in good standing in the City Council.

In an amended answer appellant alleged "the plaintiffs do not have the capacity or authority to sue or maintain this action in this court either as city councilmen or individuals * * *." The reason assigned for the averment was that such an action must be taken by the Council as an entity and not by individual members. Although the foregoing reason was not the basis of the argument in this case, we believe the quoted allegation was sufficient to bring to the attention of the court that the right of the parties plaintiff to bring suit was being challenged.

KRS 415.030 (formerly Section 483 of the Civil Code of Practice) reads:

"If a person usurps an office or franchise, the person entitled thereto, or

the Commonwealth, may prevent the usurpation by an ordinary action."

KRS 415.050 (C.C. § 485) reads:

"For usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted and prosecuted by the Attorney General."

In Jenkins vs. Congleton, 242 Ky. 46, 45 S.W.2d 456, 457, it was held that the clear intention of the above section was to limit the right to maintain an action to try the title to public office to the person entitled thereto or to the Commonwealth—and gave the reason for this exclusive mode of testing title to be:

"The generally recognized rule that quo warranto proceedings or the substituted statutory proceedings are the exclusive method of determining the right to hold and exercise a public office is founded upon considerations of policy and necessity. It would be detrimental to the public welfare and highly inexpedient that title to a public office should be put in question whenever any private citizen sees fit to make the assault. Under the rule a public office may not be the subject-matter of private litigation at the instance of one who has no interest therein, which differs from that of every other member of the public."

Appellees argue that the case at bar contains no question of usurpation of office because appellant by his own conduct abandoned, resigned or relinquished his office and thereby made the office vacant, and KRS 415.030 and 415.050, which pertain to usurpation of office, have no application here.

In Hall vs. Allen, 313 Ky. 441, 231 S.W.2d 702, we noted a distinction between an action to declare a forfeiture and an action to have the fact of abandonment adjudged. In the former instance the proceeding would deprive a man of an office he is claiming, while in the latter the officer has voluntarily renounced the office.

We have no difficulty in declaring that this suit is concerned with forfeiture of an office because KRS 415.060 (C.C. § 486) provides: "A person who continues to exercise an office after having committed an act, or omitted to do an act, the commission or omission of which, by law, creates a forfeiture of his office, may be proceeded against for usurpation thereof."

Appellees' suit was based on the theory that the sale to the Utility Commission by the Dixie Motor Company was an act by which appellant had forfeited his right to hold the office of councilman. Under KRS 415.060, when an act creating a forfeiture of office has been committed by an officeholder he may be proceeded against for usurpation of the office he occupies. Proceedings for usurpation of a city office under KRS 415.030 and 415.050 must be instituted by a person claiming title to it or by the Commonwealth. Neither one was plaintiff in this action.

Judgment reversed.