**Marvin GRIFFEY et al., Appellants,**

**v.**

**BOARD OF EDUCATION OF WASHING-TON COUNTY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 6, 1964.

Rehearing Denied Jan. 22, 1965.

---

John C. Anggelis, Anggelis & Collins, Lexington, for appellants.

Ben B. Fowler, Dailey & Fowler, Frankfort, for appellees.

STEWART, Judge.

In this class action by appellants, who are four residents and taxpayers of Washington County, against appellees, Board of Education of Washington County and three members thereof, a declaration was sought to the effect that the board could not perform, and should be enjoined from performing, certain official acts. It is claimed the three members named in the complaint, who constitute a majority of the board, had become ineligible to hold their offices because they had committed acts which contravened the provisions of KRS 160.180(1)

(d) and (e), KRS 160.180(2) and (3) and KRS 61.080(1). The trial court dismissed the complaint. This appeal followed.

This whole case is predicated upon the assumption that a member of a board of education vacates his office without any further action when he is guilty of conduct which violates the provisions of KRS 160.-180, noted above.

This Court has previously settled the question presented. The rule is firmly established that a public officer may not be ousted, or enjoined from the performance of his duties, except as the result of an action brought by a person who claims the office or, in the case of a state officer, in an ouster action brought by the Attorney General of the Commonwealth. See Kirwan v. Speckman, 313 Ky. 578, 232 S.W.2d 841; Salyers v. Lyons, 304 Ky. 320, 200 S.W.2d 749; Hermann v. Morlidge, 298 Ky. 632, 183 S.W.2d 807; Jones v. Browning, 298 Ky. 467, 183 S.W.2d 38.

These holdings are based on Section 480 et seq. of the old Civil Code of Practice. These sections have been transferred into what is now KRS Chapter 415 without any change of their provisions.

The case of Salyers v. Lyons, supra, involved the same question as that raised in the instant case. There the Board of Education of Lawrence County, acting pursuant to the language of KRS 160.180(2), declared the office of Salyers, one of its members, vacant and in his place appointed Lyons. In an action brought to test Lyons' right to the office, this Court, in nullifying the action taken by the board, stated that, under the circumstances, Salyers could be ousted only by an action prosecuted by the Attorney General, as he was classified as a state officer.

Appellants maintain Commonwealth ex rel. Breckinridge v. Collins, Ky., 379 S.W.2d 436, and Douglas v. Pittman, 239 Ky. 548, 39 S.W.2d 979, uphold their right to resort to a declaratory action to oust a

member of a board of education from office, or restrain such an officer from acting, without the necessity of the Attorney General or the claimant bringing the suit.

The first case passed upon the sole question of whether a member of a board of education, within the purview of KRS 160.-180(1) (e) and KRS 160.180(2), had become ineligible to hold his office by reason of his acts in making certain sales to schools in his district. Furthermore, the action was instituted and prosecuted by the Attorney General. In the second case the question of whether any one but the Attorney General or the claimant has the right to maintain an ouster suit was not presented or decided.

It follows the complaint was properly dismissed.

Wherefore, the judgment is affirmed.